KING, J.,
for the Court:
¶ 1. The Neshoba County Department of Human Services was granted custody of Steven[1] by the Neshoba County Youth Court. Mrs. Smith, Steven’s biological mother, now appeals the youth court custody determination contending that she should have been granted custody of Steven. She assigns the following error on appeal:
THE COURT ERRED IN PLACING THE MINOR CHILD IN FOSTER CARE WHEN THE MOTHER WAS FIT, WILLING AND ABLE TO HAVE CUSTODY PLACED WITH HER.
¶ 2. Finding no error, this Court affirms the youth court judgment.

FACTS

¶ 3. Mr. Morris and Mrs. Smith were married and had one child, Steven. The two divorced and Mrs. Smith was granted physical custody of Steven. She later agreed to allow him to live with Mr. Morris.
¶ 4. On November 12, 1997, a petition was filed by the Neshoba County Attorney and Youth Court Prosecutor alleging that Steven had been abused and neglected by Mr. Morris and Mrs. Morris, Steven’s step-mother. On the same day, an initial custody order was entered which granted temporary custody of Steven to the Nesho-ba County Department of Human Services. Temporary placement was granted to Steven’s paternal grandparents.
¶ 5. On November 12, 1997, the youth court ordered that a guardian ad litem be appointed for Steven. After a custody hearing wherein Steven was represented by the guardian ad litem, the youth court determined that Steven was indeed abused and neglected within the meaning of the youth court laws of the state of Mississippi. The court determined that Steven should remain in the temporary custody of the Neshoba County Department of Human Services and that a home study be conducted on Mrs.Smith. Final disposition of custody was to be determined after completion of the home study.
¶ 6. On January 15, 1998, further custody proceedings were held. At these proceedings, a social worker from the Neshoba County Department of Human Services, Mrs. Smith, and Mr. Morris testified. After hearing this testimony, the youth court determined that custody should remain with the , Neshoba County Department of Human Services and that Steven be placed in the Palmer Home for Children. Both biological parents were required to make monthly child support payments to the Palmer Home. The court noted that “reasonable efforts [would] continue to be made towards reunification of the family”and directed the social worker to arrange visitation at the Palmer Home. Mrs. Smith now appeals the youth court’s custody determination.

ISSUE

THE COURT ERRED IN PLACING THE MINOR CHILD IN FOSTER CARE WHEN THE MOTHER WAS FIT, WILLING AND ABLE TO HAVE CUSTODY PLACED WITH HER.
¶ 7. Mrs. Smith contends that the youth court’s custody determination was contrary to the weight of the evidence. She argues that the youth court failed to express how placement in the Palmer Home for Children was in Steven’s best interest.

Standard of Review

The standard of review this Court invokes in a child custody case is well-settled. The review is “quite limit *475 ed in that the chancellor must be manifestly wrong, clearly erroneous, or apply an erroneous legal standard in order for this court to reverse.” This Court will not disturb the findings of a chancellor, “be they of ultimate fact or of evidentia-ry fact”, when supported by substantial evidence in the record.
M.C.M.J. v. C.E.J., 715 So.2d 774, 776 (Miss.1998) (citations omitted).

Law

“In all child custody cases, the polestar consideration is the best interest of the child.” There are a number of factors that should be considered by chancellors in weighing decisions regarding custody: The age of the child is ... but one factor to be considered. Age should carry no greater weight than other factors to be considered, such as: health, and sex of the child; a determination of the parent that has had the continuity of care prior to the separation; which has the best parenting skills and which has the willingness and capacity to provide primary child care; the employment of the parent and responsibilities of that employment; physical and mental health and age of the parents; emotional ties of parent and child; moral fitness of parents; the home, school and community record of the child; the preference of the child at the age sufficient to express a preference by law; stability of home environment and employment of each parent, and other factors relevant to the parent-child relationship.
Id. (quoting Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983)).

Analysis

¶ 8. The youth court judge ordered that a home study be completed on Mrs. Smith to determine whether she should regain custody of Steven. During the custody hearing, the social worker indicated that this study revealed Mrs. Smith’s strong ability to provide Steven with adequate living arrangements. However, she expressed concern that if presently placed in his mother’s home, Steven would be the focus of a family disturbance.
¶ 9. Upon questioning by the court, the social worker testified to having witnessed a heated argument between Steven’s mother and step-mother. Steven, who was present during the argument, was visibly disturbed. As a result of this, the Nesho-ba County Department of Human Services recommended that any placement of Steven be conditional. The recommended condition was that the Department be authorized to work with the parties to address their difficulties in a manner consistent with Steven’s best-interest.
¶ 10. After consideration of the evidence, the court determined that the best present placement for Steven was the Palmer Home for Children. The court directed the Department to work with the parties with an ultimate goal of returning Steven to his family. This action is within the discretion of the court and is not inconsistent with the evidence. Accordingly, we find that the decision of the court was not in error.
¶ 11. Finding no error, this Court affirms the youth court judgment.
¶ 12. THE JUDGMENT OF THE NESHOBA COUNTY YOUTH COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, COLEMAN, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
IRVING, J., CONCURS WITH RESULT ONLY.

. In the interest of this minor child's right to privacy, his name and the names of his parents have been changed. At the time of the initial complaint against Steven's father and step-mother, Steven was 10 years old.