860 So.2d 1241 (2003)
Sheree THORNELL, Appellant,
v.
Chris THORNELL, Appellee.
No. 2002-CA-00308-COA.
Court of Appeals of Mississippi.
November 18, 2003.
*1242 Travis T. Vance, Vicksburg, attorney for appellant.
Wren Carroll Way, Vicksburg, attorney for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. The Chancery Court of Warren County granted Chris and Sheree Thornell a divorce on the grounds of irreconcilable differences. The parties had entered into a joint property, child custody and support agreement wherein they agreed that they would have joint legal custody and joint physical custody of their only child, Leiana, who was one year and eight months old at the time of the divorce. Each party was awarded custody on an alternating weekly basis with intermittent overnight Wednesday visitation for each parent during their non-custodial week. Subsequently, Sheree filed a motion for citation of contempt and to modify the decree alleging that Chris was wrongfully withholding Leiana from her. She also sought to have physical custody awarded to her on the ground that there had been a substantial and material change of circumstances that adversely affected the child. Chris filed an answer and counter petition to modify the decree in which he sought to have physical custody of Leiana awarded to him. He also claimed that there had been a material change in circumstances that adversely affected the child.
¶ 2. Following a hearing on the matter, the chancellor, without explanation, found that there had been a material change in circumstances which adversely affected the minor child and warranted a modification of custody. Ultimately, the chancellor awarded custody of Leiana to Chris during *1243 the school year, subject to visitation rights of Sheree, and awarded custody of Leiana to Sheree during the summer months, subject to visitation rights of Chris. Sheree was ordered to pay Chris $179 per month during the school year when he had custody and Chris was ordered to pay Sheree $276 per month during the summer months when she had custody.
¶ 3. Sheree appeals the order of the chancery court alleging, by way of summary, that the court erred in ordering a modification of custody on the basis of a material change in circumstances adversely affecting the welfare of the child without first identifying the specific change of circumstance and then analyzing and applying the factors enumerated in Albright v. Albright, 437 So.2d 1003,1005 (Miss.1983), in light of that specific change. Finding reversible error, this Court reverses and remands.

ANALYSIS
¶ 4. The standard of review of a chancellor's decision on a request for modification of custody is limited. A chancellor's decision will only be reversed if it is either manifestly wrong or clearly erroneous, or if the chancellor has applied an erroneous legal standard. Brocato v. Brocato, 731 So.2d 1138, 1140(¶ 8) (Miss.1999).
¶ 5. Sheree Thornell argues that the chancellor should be reversed in this instance because the court applied an erroneous legal standard when it modified custody on the basis of a material change in circumstances that adversely affected the child without first identifying the specific change in circumstances that adversely affected the child and applying the Albright factors in light of that change. This Court agrees.
¶ 6. The totality of the chancellor's finding with regard to the question of a material change in circumstances adverse to the welfare of the child consists of the following:
The Court finds that in considering all the evidence, the law applicable thereto and in light of the totality of the circumstances, that a material change in circumstances has occurred which adversely affects the welfare of the minor child, Leiana Thornell. The Court finds that it is in Leiana's best interest that her custody be modified.
This Court has held that "[w]hen considering a modification of child custody, the proper approach is to first identify the specific change in circumstances, and then analyze and apply the Albright factors in light of that change. Where there is no specific identification of the alleged change in circumstances, this Court is placed in the position of attempting to guess what the chancellor determined was a proper basis for a change in custody." Sturgis v. Sturgis, 792 So.2d 1020, 1025 (¶ 19) (Miss. Ct.App.2001).
¶ 7. This Court also finds that, as in Sturgis, the chancellor in the case at bar, rendered an opinion that attempted to analyze and apply the Albright factors; however, since the opinion does not reflect what the prior conditions were and does not identify any changed circumstances with which to make a comparison, that analysis failed.
¶ 8. Because the chancellor failed to first identify a specific change in circumstance that adversely affected the welfare of the child, and then do an on the record analysis of each of the Albright factors in light of the changed circumstance, we are compelled to reverse.
¶ 9. THE JUDGMENT OF THE CHANCERY COURT OF WARREN COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL *1244 COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND GRIFFIS, JJ., CONCUR.