879 So.2d 1122 (2004)
Brian A. BASS, Appellant
v.
Lisa B. BASS, Appellee.
No. 2003-CA-00873-COA.
Court of Appeals of Mississippi.
August 10, 2004.
*1123 Mark G. Williamson, Starkville, attorney for appellant.
J. Tyson Graham, Columbus, attorney for appellee.
EN BANC.
BRIDGES, P.J., for the Court.
¶ 1. Brian and Lisa Bass were granted a divorce based on irreconcilable differences. Lisa was granted custody of their only child, Logan Bass. Aggrieved, Brian appeals the granting of custody asserting the following issue as error:
I. THE CHANCELLOR ERRED IN HER FINDINGS OF FACT AND FAILED TO PROPERLY APPLY THE ALBRIGHT FACTORS WHICH RESULTED IN AN AWARD OF CUSTODY WHICH IS NOT IN THE BEST INTEREST OF THE CHILD.
Finding no error, we affirm.

FACTS
¶ 2. Brian and Lisa Bass were married on May 31, 1997, and lived in Columbus, Mississippi. Lisa had a another child, Dustin Ballard, from a previous marriage. One child, Logan Stone Bass, was born of the marriage on November 11, 1998. Lisa filed a complaint for divorce and other relief on November 15, 2000. Brian answered and counter-claimed and a temporary order was entered on January 31, 2001, granting Lisa temporary custody of Logan and reasonable rights of visitation to Brian. Brian was ordered to pay child support. A divorce trial was held on April 11, 2002. Brian and Lisa consented to a divorce based on irreconcilable differences submitting property and custody issues to the court. The court granted custody to Lisa, with standard visitation to Brian including every other weekend, alternating holidays, and three weeks in the summer. Brian then perfected an appeal to this court based solely on the grant of custody to Lisa.
¶ 3. Lisa admitted that she had affairs before and during the marriage, and Brian admitted that he had participated in one affair with Lisa and another man before the marriage while they were dating. After they were married, Brian found out that Lisa had been seeing both the man from the affair before the marriage and another man. Lisa testified that the child never knew of the affairs. Brian asserted that Lisa had yet another man over to the marital home multiple times while the child was present, testifying to several instances after they were separated.
¶ 4. Both Brian and Lisa were and are school teachers. During the marriage, both taught in Northeast Mississippi. Before the separation, Brian went to Huntsville, Alabama, for the summer. After the separation, Lisa moved to Frisco, Texas, and Brian moved to Wichita Falls, Texas, which are approximately two hours apart. Brian's parents lived nearby in Texas. Lisa asserts that she moved to Texas because salaries for teachers are higher there. Brian alleges that Lisa moved there because of a man with whom she had an affair in Columbus, Mike Walters, who she continues to see at the time of this appeal.
¶ 5. Lisa lost custody of her oldest son, Dustin Ballard, to his father, Mark Ballard, in September 2001. At trial in the case at bar, several witnesses testified to being friends and co-workers of Lisa's and that Lisa was not truthful. Lisa's parents testified on her behalf that she is a good mother and had a good relationship with Logan. In her findings, the chancellor found both parties to be fit parents, but using the Albright v. Albright, 437 So.2d *1124 1003, 1005 (Miss.1983) analysis found that Lisa should have custody.

ANALYSIS

I. DID THE CHANCELLOR ERR IN HER FINDINGS OF FACT AND FAIL TO PROPERLY APPLY THE ALBRIGHT FACTORS WHICH RESULTED IN AN AWARD OF CUSTODY WHICH IS NOT IN THE BEST INTEREST OF THE CHILD?
¶ 6. Brian Bass asserts that the chancellor erred in her findings of fact and failed to properly apply the Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983) factors which resulted in an award of custody that is not in the best interest of the child. "The standard of review in child custody cases is quite limited. A chancellor must be manifestly wrong, clearly erroneous, or applying an erroneous legal standard in order for this Court to reverse. This Court will affirm decisions of the chancellor, whenever based on credible evidence." Lipsey v. Lipsey, 755 So.2d 564(¶ 3) (Miss.Ct.App. 2000).
¶ 7. In this case we find the third ground to have no application since, upon reviewing the chancellor's findings of fact and conclusions of law, it is clear that the chancellor applied the correct legal standard by assessing the relevant factors concerning the child's best interests, to include the Albright factors. Albright, 437 So.2d at 1005. The sole issue before us, therefore, is whether the chancellor was plainly in error in her evaluation of the evidence, to include how that evidence impacted on the Albright factors, that ultimately led her to conclude that the best interest of the child would be served by Lisa having primary custody. We will review the Albright factors in dispute and the chancellor's findings below:

1. Age and Sex of the Child
¶ 8. The chancellor combined the age and sex factors and found that the child was a four year-old boy, and that these factors favored both parents. Brian agrees that the age favors both parents due to a weakening of the "tender years doctrine," but argues that the chancellor erred in not finding that the sex clearly favors him. Brian cites to Law v. Page, 618 So.2d 96 (Miss.1993) and argues that the sex of the child should carry greater weight than the age. We do not agree completely with Brian's reading of Page; however, Page states that "the tender years doctrine seems less controlling, especially when considering [the child's] male gender." Page, 618 So.2d at 101. The "tender years doctrine" is less controlling due to Logan's male gender. However, we do not read Page to say that the child's sex is more important. The chancellor's balancing of the young age, which historically favored the mother, and male sex, which favors the father, was not clearly in error.

2. Continuity of Care Prior to Separation and Parenting Skills
¶ 9. The chancellor found that Lisa was the primary caregiver during the marriage and that Brian assisted Lisa, although she found both parties to be very capable and willing parents. Brian asserts that the chancellor erred in this finding, asserting that Lisa had an adulterous relationship and that he took care of Logan when she was out with other men. Brian points to the other testimony he provided that contradicted Lisa. Lisa testified, as did Lisa's parents, that Lisa was a good mother. Because the chancellor had the opportunity to personally evaluate the witnesses's testimony and the party's behavior, this Court must be deferential to the chancellor's findings. Sobieske v. Preslar, 755 *1125 So.2d 410, 413(¶ 11) (Miss.2000). The chancellor did not err in her finding on this factor.

4. Employment of the Parent and Responsibilities of that Employment
¶ 10. The chancellor found that both Brian and Lisa are school teachers and that they both work hours that enable them to adequately care for Logan. Lisa at the time was able to be with Logan every morning and had him in a daycare nearby. Brian was having to travel some weekends for training as well as some weeks. Therefore, the chancellor found this factor to slightly favor Lisa. Brian asserts that his parents were nearby and Logan would be able to attend the same school where he works, allowing him to check on Logan during the day and take him home from work with him. Brian argues if this factor favors either parent, it should favor Brian. This is a close decision since both Brian and Lisa are similarly situated. Whether Brian's parents being nearby outweighs his need to travel was a decision for the chancellor. It was not clearly error for the chancellor to find slightly in favor of Lisa in regard to this factor.

5. Physical and Emotional Fitness and Emotional Ties of Parent and Child
¶ 11. The chancellor found both parents to be in good health and to have strong emotional bonds with Logan and found both of these factors to favor both Brian and Lisa. Brian does not assert any error in regard to these two factors.

6. Moral Fitness of the Parents
¶ 12. The chancellor found that the evidence was undisputed that both Brian and Lisa engaged in unusual sexual relationships with other men and although Lisa had admittedly had sexual relationships with other men without Brian, there was no evidence of any adverse effect on the minor child. Therefore, the chancellor found this factor favors neither parent. Brian asserts that Lisa had multiple affairs and proceeded to tell everyone about them and that this factor should favor him. Our supreme court has explicitly stated that sexual misconduct is not per se grounds for denial of custody. Hollon v. Hollon, 784 So.2d 943, 949(¶ 25) (Miss. 2001). Brian initially participated with Lisa in the adulterous relationships, and evidence was shown that he had looked for other relationships on the internet. The chancellor did not err in finding that this factor favored neither party.

7. Home, School, and Community Record of the Child
¶ 13. The chancellor found that Logan was doing well at daycare and has friends in the community where he resides with Lisa. Logan had not lived with Brian and there was no evidence of children in the area, so this factor slightly favored Lisa. Brian asserts that Logan was too young to have any community record to be of significance and the chancellor erred when it found slightly in favor of Lisa. Brian fails to cite any authority or give any other reason but Logan's age. The chancellor did not err in taking into account Logan's daycare and finding only slightly in Lisa's favor.

8. Preference of the Child
¶ 14. The chancellor correctly found that Logan has not yet reached an age sufficient to express a preference. Miss. Code Ann. Sec. 93-11-65 (Rev.2000).

9. Stability of the Home Environment
¶ 15. The chancellor found that Lisa had an apartment where Logan had his own room while Brian was living with his *1126 parents while he was repairing a home he had recently purchased. Therefore, this factor favored Lisa. Brian asserts that Logan would have his own room at the parent's home and that the repair work would only take a short time. Brian again argues Lisa's relationship that allegedly took her to Texas and asserts a close relationship between Logan and his paternal grandparents. This was rebutted to some degree by testimony that the grandparents did not visit Logan for a long period of time when Brian was away despite living only two hours away. The chancellor did not err in her application of this factor.

10. Other Factors Relevant to the Parent-Child Relationship
¶ 16. The chancellor found no other relevant factors. Brian asserts that Lisa's losing custody of her oldest son, Dustin Ballard, a few months before this case went to trial should be considered by the court. Brian asserts that Dustin and Logan are brothers and should be together, arguing that Lisa has tried to keep them apart. The custody of Dustin Ballard is an entirely separate matter not for review here. Despite Brian's assertions, the fact remains that even if he had custody of Logan, Logan would be in Wichita Falls, Texas, approximately twelve hours' drive away from Dustin who is with his father in Starkville, Mississippi. The chancellor did not err in finding that there were no other relevant factors.
¶ 17. We conclude that the chancellor did not plainly err in her evaluation of the evidence and application of the Albright factors in determining that the best interest of Logan would be served by Lisa's having primary custody. This issue is without merit.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF LOWNDES COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.