KING, C.J.,
for the Court.
¶ 1. Gregory (Greg) and Melissa Taylor were granted a divorce based on irreconcilable differences by the Rankin County Chancery Court. The parties were granted joint legal custody of their two children. Aggrieved, Melissa Taylor has appealed and raised the following issue as error:
Whether the chancellor erred by failing to properly analyze the Albright factors.
FACTS
¶ 2. Greg and Melissa Taylor were married on August 31,1991, in Rankin County. Greg Taylor had one daughter, Christina Nicole Taylor, Nikki, born June 13, 1989. After her marriage to Greg Taylor, Melissa Taylor adopted Nikki. The Taylors had another child, Thomas Logan Taylor, Logan, born on October 13,1999.
¶ 3. On January 10, 2002, Melissa Taylor filed a complaint for divorce based on irreconcilable differences. On February 12, 2002, she filed an amended complaint and a motion for temporary relief. The Tay-lors agreed to allow the chancellor to resolve all issues of equitable distribution of the marital property, attorney’s fees, and the child custody arrangement. On April 17, 2003, the chancellor entered his final judgment which granted the parties a divorce based on irreconcilable differences, and provided for child custody and support and the division of marital property.
¶ 4. The chancellor ordered (1) that the parties be granted a divorce on the ground of irreconcilable differences, (2) that each party keep and retain his/her separate *1281 property and all items presently titled in his/her name, (3) that Greg Taylor retain possession of the marital home and Melissa Taylor receive one-half of the equity contained in the marital property ($53,-418.31), (4) that neither party would pay alimony nor attorney’s fees to the other, (5) that both parties share joint legal and physical custody of the children, with the children primarily residing with Greg Taylor, (6) that Melissa Taylor pay Greg Taylor $200 per month for support and maintenance of the children until the children have been emancipated, (7) that Greg Taylor maintain a health insurance policy for both children, and that this policy remain the primary coverage for Nikki, and that Melissa Taylor maintain a health insurance policy for both children, and that this policy remain the primary coverage for Logan. The parties are to share equally in other medical, dental, optical, or drug expenses not covered by the policies, and (8) that Melissa Taylor be subjected to random drug screens through Court Watch. Both parties were required to follow the change of address requirements of Rule 8.06 of the Uniform Chancery Court Rules of Mississippi.
¶ 5. On April 25, 2003, Melissa Taylor filed a motion to reconsider the custody award. She argued that the chancellor failed to properly consider the factors in Albright v. Albright, 437 So.2d 1003 (Miss.1983). After a May 5, 2003 hearing, this motion was denied.
ISSUE AND ANALYSIS
Whether the chancellor erred by failing to properly analyze the Albright factors.
¶ 6. Mrs. Taylor claims that the chancellor failed to appropriately analyze and apply the Albright child custody factors. She contends that the chancellor improperly placed too much weight on “one individual element of the Albright test.” She claims that the chancellor placed too much emphasis when looking at the moral fitness of the parties on the fact that she had smoked marijuana.
¶ 7. When reviewing a chancellor’s decision regarding child custody matters, this Court will not reverse the chancellor’s decision unless it is manifestly wrong, clearly erroneous, or the chancellor applied an erroneous legal standard. Rushing v. Rushing, 724 So.2d 911(¶ 24) (Miss.1998). A chancellor’s factual findings will be upheld if they are supported by credible evidence. Hensarling v. Hensarling, 824 So.2d 583(¶ 7) (Miss.2002).
¶ 8. The record reflects that the chancellor carefully considered this matter and specifically addressed each of the Albright child custody factors.
¶ 9. The first factor addressed by the chancellor was the age of the children. The chancellor determined that because Logan was a child of “tender years,” age three at the time, this factor slightly favored the mother. The chancellor indicated that because Nikki was approximately fourteen years old at the time, thus the age factor favored neither party.
¶ 10. Regarding the health and sex of the children, the chancellor found that both children were healthy and that the health factor favored neither party. He stated that “[i]n the case of Logan, his sex slightly favors Greg. And, in the case of Nikki, her sex slightly favors Melissa.”
¶ 11. The chancellor indicated that the continuity of care prior to the separation of the parties favored the mother because she provided the most “hands-on care” to Logan prior to the separation and provided a majority of “hands-on care” for Nikki prior to this time as well.
*1282 ¶ 12. Regarding the best parenting skills, the willingness and capacity to provide primary child care, the chancellor indicated that both parents exhibited excellent parenting skills and a willingness and capacity to provide care. However, the chancellor determined that both parents had demonstrated inappropriate conduct at various times which had been brought to the court’s attention. Greg Taylor indicated to the chancellor that he discovered a purse belonging to Melissa Taylor in a closet of their home which contained marijuana and other possible drug related items. Melissa Taylor admitted that she had previously smoked marijuana while away from home on business trips. The chancellor expressed his concern regarding her prior drug use and the lack of judgment which it evidenced. The chancellor noted that Greg Taylor had an anger management problem for which he sought counseling.
¶ 13. Additionally, the chancellor considered that Greg Taylor allowed Nikki to act disrespectfully toward her mother by allowing her to call her mother by her first name, and that Greg Taylor “did not require or promote” Nikki to visit her mother during their separation. The chancellor also noted that both parents were under the care of a psychiatrist.
¶ 14. The chancellor considered the employment of the parents. He indicated that this factor slightly favored Greg Taylor due to his flexibility with regard to his work hours. Greg Taylor owns an air-conditioning business and Melissa Taylor works for Skytel.
¶ 15. In considering the physical and mental health and age of the parents, the chancellor stated that both parents were in their 30s and suffered from mental depression. Therefore, this factor favored neither party.
¶ 16. In looking at the emotional ties of the parents and children, the chancellor determined that both children have a close bond with Greg Taylor and that Logan has a close bond with his mother as well. Regarding Logan, the chancellor stated that this factor favored neither party, but strongly favored Greg Taylor regarding Nikki.
¶ 17. The chancellor considered the moral fitness of the parents. He determined that this factor slightly favored Greg Taylor due to Melissa Taylor’s prior admitted drug use.
¶ 18. In considering the home, school, and community record of the children, the chancellor indicated that although Logan had been in the temporary primary physical custody of the mother and had adjusted to a new home with the mother, the home factor slightly favored the father. Nikki had been in the temporary primary physical custody of the father during the separation. Therefore, the chancellor stated that the school and community record of the children favored neither parent over the other one.
¶ 19. The chancellor considered the preference of the children. The chancellor noted that Nikki was of age to express her preference. Nikki stated that she desired to live with her father. Because Logan was not old enough to express a preference, this factor did not apply to him.
¶ 20. The chancellor also reviewed the stability of the home environment and employment of each parent as well as other factors relevant to the parent/child relationship. The chancellor considered that Greg Taylor retained possession of the marital residence, which was the place that both children considered as their home most of their lives, in addition to Greg Taylor’s job stability. According to the chancellor, this factor favored the father.
*1283 ¶ 21. The chancellor considered the strong emotional bond between Nikki and Logan and determined that the best interest of the children would be served by allowing them to remain together. The chancellor determined that the children needed each other and needed both of their parents. The chancellor ordered that both parties share joint legal and physical custody of the children. Greg Taylor was granted primary physical custody of the children based on the chancellor’s analysis of the above factors.
¶ 22. This Court finds that the chancellor carefully considered the Albright factors and the best interest of the children. The Court finds that there is substantial evidence which supports the chancellor’s decision. Therefore, this issue is without merit.
¶ 23. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.