LEE, P.J.,
for the Court.
PROCEDURAL HISTORY AND FACTS
¶ 1. Teresa and George Stewart were married on August 25, 1997. Their only child, a daughter named Cassidy, was born June 1, 2001. George filed for divorce in April 2004 in the Clay County Chancery Court, alleging habitual drug use and habitual cruel and inhuman treatment. Shortly thereafter, Teresa filed an answer and counterclaim alleging habitual drunkenness and habitual cruelty. Both parties also alleged, in the alternative, irreconcilable differences. On April 28, 2004, the chancellor entered a temporary order splitting the custody between both parents, with Teresa having custody of Cassi-dy the first half of each month and George having custody the other half.
¶2. During the trial on September 22, 2004, both parties agreed to an irreconcilable differences divorce. In her opinion, entered December 10, 2004, and final judgment, entered on March 4, 2005, the chancellor awarded Teresa primary physical custody of Cassidy. The chancellor also awarded Teresa child support, awarded Teresa transitional alimony, and divided the assets. Aggrieved, George appeals to this Court asserting one issue, namely that the chancellor erred in awarding custody to Teresa.
STANDARD OF REVIEW
¶ 8. The standard of review in child custody cases is similar to the standard in most all domestic relations cases. A reversal is proper if the chancellor is manifestly in error or has applied an erroneous legal standard. Williams v. Williams, 656 So.2d 325, 330 (Miss.1995). Appellate courts need only determine if the chancellor’s decision was supported by credible evidence or that the proper legal standard was applied. Lee v. Lee, 798 So.2d 1284, 1290(¶ 22) (Miss.2001).
DISCUSSION
I. DID THE CHANCELLOR ERR IN AWARDING CUSTODY TO THE MOTHER?
¶ 4. In his only issue on appeal, George argues that the chancellor erred in awarding custody of Cassidy to Teresa. Specifically, George claims that the chancellor made erroneous findings of fact and failed to properly apply the Albright factors. It is well settled that in child custody cases, the polestar consideration is the best interest of the child. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). The factors used to determine what is in the “best interest” of a child with regard to custody are: (1) age, health and sex of the child; (2) determination of the parent who had the continuity of care prior to the separation; (3) which parent has the best parenting skills and which has the willingness and capacity to provide primary child care; (4) the employment of the parents and responsibilities of that employment; (5) physical and mental health and age of the parents; (6) emotional ties of the parent and child; (7) moral fitness of the parents; (8) the home, school and commu *489 nity record of the child; (9) the preference of the child at the age sufficient to express a preference by law; (10) stability of home environment and employment of each parent; and (11) other factors relevant to the parent-child relationship. Id.
¶ 5. An appellate court must find a chancellor in error where the chancellor improperly considers and applies the Al-bright factors. Hollon v. Hollon, 784 So.2d 943, 946(¶ 11) (Miss.2001). In determining whether the chancellor abused his discretion in applying the Albright factors, the appellate court “reviews the evidence and testimony presented at trial under each factor to ensure [the chancellor’s] ruling was supported by record.” Id. at 947(¶ 13).
¶ 6. We must now review the evidence and testimony presented at trial under each Albright factor to determine whether the ruling by the chancellor was supported by the record.

Age, sex and health of the child

¶ 7. Cassidy was three years old at the time of the chancellor’s custody determination. The chancellor found that the sex and age of Cassidy favored Teresa. The only discussion as to Cassidy’s health was that she was underweight at birth. There was no testimony that she was unhealthy or had medical problems. The record supports the chancellor’s decision that this factor favored Teresa.

Continuity of care 'prior to the separation

¶8. Immediately after Cassidy’s birth, Teresa did not work, so she primarily cared for Cassidy. Teresa did return to work in order to ease financial burdens but still cared for Cassidy. George was involved in Cassidy’s care, but the chancellor found that this factor slightly favored Teresa. We find that this determination was supported by the record.

Parenting skills

¶ 9. Both parties appeared to be capable parents. George testified that Teresa was a capable parent. However, there was testimony that George spanked Cassidy on some occasions and would shut her in her room with pillows stuffed under the door to keep from hearing her cry. Also, there was testimony that George drove Cassidy on a three-wheeler as well as a riding lawnmower. During these rides, Cassidy did not wear any type of protection, and George had been drinking immediately pri- or. The chancellor found this factor to favor Teresa, and we find the record supports this decision.

Employment of the parent and responsibilities of that employment

¶ 10. George has had a steady job as a mechanic for the city of West Point for the past four years while Teresa has had numerous jobs since the birth of Cassidy. Although Teresa did have numerous jobs, she had been employed at the time of the trial for approximately six months. Both Teresa and George worked long hours but were able to adequately care for Cassidy. The chancellor weighed this factor in favor of both parents. We find evidence to support this determination.

Physical and mental health and age of the parents

¶ 11. At the time of the divorce, both parties were in their late thirties. There was no testimony that either parent suffered from medical or emotional problems. Although there were insinuations that George had a bad temper, the chancellor found this factor to favor both parents, and we agree.

Emotional ties of the parent and child

¶ 12. It is clear from the record that both parties love Cassidy and have a good relationship with her. The chancellor *490 found this factor favored both parties, and we agree.

Moral fitness of the parents

¶ 13. Both Teresa and George admitted to past drug use and drinking. There was testimony that they decided to stop abusing drugs and alcohol once Cassidy was born, but they both occasionally lapsed back into their bad habits. However, both denied that they had been using illegal drugs after the separation. There was testimony that George was turning his life around and attending church, but this occurred after the parties separated. Both parties admitted to drinking alcohol socially. The chancellor found this factor to favor both parents, and we find this determination supported by the record.

Home, school and community record of the child

¶ 14. The chancellor found that there was no testimony in regards to this factor as the child was only three years old at the time of the divorce.

The preference of the child at the age sufficient to express a preference by law

¶ 15. As the child was only three years old at the time of the divorce, this factor does not apply.

Stability of the home environment

¶ 16. Since the temporary order, Teresa and George have been alternating weeks at the parties’ home. Teresa was living with relatives and George was living in an apartment at the workshop he owns. George owns the marital home, a mobile home located near his family members. The chancellor found this factor to favor George. We find sufficient evidence to support this decision.

Other factors

¶ 17. The chancellor found no other relevant factors.
¶ 18. The chancellor, in considering the Albright factors, awarded custody to Teresa. The chancellor made a comprehensive on-the-record finding, and we find this decision to be supported by the evidence. Thus, we affirm the award of custody to Teresa.
¶ 19. THE JUDGMENT OF THE CLAY COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.