814 So.2d 183 (2002)
Pamela Calton ROBERSON, Appellant
v.
Randall W. ROBERSON, Appellee.
No. 2000-CA-01227-COA.
Court of Appeals of Mississippi.
April 16, 2002.
Mary Judith Barnett, for appellant.
Arnold F. Gwin, Greenwood, for appellee.
Before McMILLIN, C.J., THOMAS, and MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Pamela Roberson sued Randall Roberson for divorce and custody of their son, Calton Roberson. Randall Roberson counterclaimed also seeking custody and a divorce. The chancellor granted the divorce in favor of Randall Roberson and also awarded him custody of the child. Aggrieved by this decision, Pamela Roberson appeals raising the following issue:
WHETHER THE TRIAL COURT ERRED IN AWARDING CUSTODY OF THE MINOR CHILD TO RANDALL ROBERSON.

STATEMENT OF FACTS
¶ 2. Randall Roberson and Pamela Roberson were married in February of 1995. During the course of the marriage, one child, Calton Roberson, was born. Randall and Pamela Roberson decided to separate in October of 1999. Pamela Roberson sued Randall Roberson for divorce on the ground of habitual cruel and inhuman treatment and petitioned the trial court for custody of their minor child. Randall Roberson filed a counterclaim against Pamela Roberson for divorce on the ground of habitual cruel and inhuman treatment and adultery and also petitioned the trial court for custody of their minor child. At trial both parties presented evidence in support of their claims. The trial court granted the divorce in favor of Randall Roberson on grounds of habitual cruel and inhuman treatment finding that Pamela Roberson's *184 gambling problems caused the marriage to fail. The trial court further awarded custody of the child to Randall Roberson stating that the factors the court was required to analyze weighed heavily in his favor. Aggrieved by this decision, Pamela Roberson perfected this appeal.

STANDARD OF REVIEW AND LEGAL ANALYSIS
¶ 3. When this Court reviews an award of child custody, the decision of the chancellor will be affirmed unless it is shown to be "manifestly wrong, clearly erroneous," or it is shown that the chancellor applied an erroneous legal standard. Limbaugh v. Limbaugh, 749 So.2d 1244, 1246 (¶ 9) (Miss.Ct.App.1999). The chancellor's decision must be supported by substantial evidence as established by the record of the proceedings. Id. With this standard in mind, we look to the issue raised in this appeal.
¶ 4. Pamela Roberson contends that the trial court erred when it awarded custody of her son to her husband. The overriding consideration in child custody matters is the best interest of the child. Rushing v. Rushing, 724 So.2d 911, 916 (¶ 24) (Miss.1998). In considering the best interest of the child, the court must evaluate and apply the factors set out in Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). Caswell v. Caswell, 763 So.2d 890, 894 (¶ 10) (Miss.Ct.App.2000). It is necessary for the chancellor to make findings on each applicable Albright factor. Powell v. Ayars, 792 So.2d 240, 244-45 (¶ 11) (Miss.2001).
¶ 5. Pamela Roberson complains that the chancellor did not make specific findings delineating each applicable Albright factor and that there was no clear evidence to support the chancellor's decision to award custody of her son to Randall Roberson instead of her. We remanded this case to the chancery court so that the chancellor could properly make specific findings of fact on each applicable Albright factor. On remand, the chancellor enumerated and made specific findings on each Albright factor. While finding that several Albright factors favored neither parent, the chancellor concluded that Randall Roberson should have custody of the child because he had the majority of the continuity of care of the child, possessed the better parenting skills and capacity to take care of the child and that Pamela Roberson's gambling problem would offer a less stable home environment. The chancellor's conclusions are supported by the evidence presented at trial. The chancellor did not abuse his discretion in awarding custody to Randall Roberson. This issue is without merit.
¶ 6. THE JUDGMENT OF THE CHANCERY COURT OF LEFLORE COUNTY IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER and BRANTLEY, JJ., concur.