962 So.2d 718 (2007)
Dwayne NORMAN, Appellant
v.
Kimberly NORMAN, Appellee.
No. 2005-CA-00882-COA.
Court of Appeals of Mississippi.
August 7, 2007.
*719 Samuel E. Farris, Jonathan Michael Farris, attorneys for appellant.
E. Lindsay Carter, Hattiesburg, attorney for appellee.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
BARNES, J., for the Court.
¶ 1. The motion for rehearing is denied. The original opinion is withdrawn, and this opinion is substituted in lieu thereof. Dwayne Norman sued Kimberly Norman for divorce and custody of their only child, daughter Blaze Maria Norman. Kimberly counterclaimed also seeking a divorce and custody of their daughter. The Normans agreed to a divorce on grounds of irreconcilable differences, but could not agree on the issue of primary physical custody of their minor child. The issue was litigated, and the chancellor awarded physical custody of the child to Kimberly. Aggrieved, Dwayne perfected this appeal. Finding no error, we affirm.

STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. Dwayne and Kimberly Norman were married on April 23, 1994. One child was born to the marriage, Blaze Maria, who at the time of trial on this matter was seven years old. During the marriage both Dwayne and Kimberly were gainfully employed and by all accounts were good and loving parents. Dwayne and Kimberly separated in September 2004, and on September 22, 2004, Dwayne filed a complaint of divorce in the Chancery Court of Lamar County on the grounds of habitual drunkenness, habitual cruel and inhuman treatment and, in the alternative, irreconcilable differences. Dwayne also filed for a protective order for temporary relief and custody of Blaze Maria. On October 11, 2004, Kimberly filed her answer, counterclaimed for divorce, and requested temporary relief and custody of Blaze Maria. The parties also agreed upon a temporary order and proposed a trial date of March 3, 2005.
¶ 3. A temporary order was entered on November 4, 2004, which provided for joint legal custody of their minor child, with Kimberly having temporary physical custody of the child subject to the liberal visitation rights of Dwayne. On March 3, 2005, the court granted the parties' joint motion for divorce on the grounds of irreconcilable differences, and a trial was held on the issues of child custody, visitation, and child support. After hearing testimony from *720 witnesses on both sides and a court-appointed expert, Dr. John Patrick Galloway, the chancellor, ruling from the bench, awarded primary physical custody to Kimberly. The chancellor awarded Dwayne liberal visitation and ordered him to pay monthly child support in the amount of $285. A final judgment of divorce was entered on April 18, 2005, which incorporated the March 3, 2005 bench ruling. Dwayne appealed this final judgment and argued that the chancellor erred in awarding physical custody of Blaze Maria to Kimberly by failing to properly apply the Albright factors. On October 10, 2006, in a five-to-five vote, this Court affirmed the chancellor's final judgment, with four judges joining Judge Southwick's dissent. The dissent pointed out that a chancellor's decision is reversible error if the rationale for each Albright factor is not specifically articulated. See Norman v. Norman, No.2005-CA-00882-COA (Miss.Ct.App. Oct. 10, 2006). Dwayne filed a motion for rehearing, arguing reversible error for lack of articulation on each Albright factor. This Court remanded the case in order for the chancellor to articulate his findings for each Albright factor. Dwayne filed a supplemental brief, appealing the final judgment and the chancellor's supplemental findings. After reviewing the chancellor's supplemental findings, we find no error and affirm the chancellor's final judgment in favor of Kimberly.

STANDARD OF REVIEW
¶ 4. The standard of review in child custody cases is well-established. These matters fall within the sound discretion of the chancellor. Sturgis v. Sturgis, 792 So.2d 1020, 1023(¶ 12) (Miss.Ct.App. 2001). Therefore, when this Court reviews an award of child custody, the decision of the chancellor will be affirmed unless the decision is manifestly wrong, clearly erroneous, or the chancellor applied an erroneous legal standard. Roberson v. Roberson, 814 So.2d 183, 184(¶ 3) (Miss.Ct.App.2002). The chancellor's decision must be supported by substantial evidence in the record. Id.

LEGAL ANALYSIS
¶ 5. The sole issue on appeal is whether the chancellor erred in failing to properly apply the Albright factors when the chancellor awarded physical custody of Blaze Maria to Kimberly. Dwayne contends that the chancellor abused his discretion and committed reversible error in his ultimate finding in favor of Kimberly. We find the decision of the chancellor was without error.
¶ 6. In child custody cases, the overriding consideration is the best interest of the child. Rushing v. Rushing, 724 So.2d 911, 916(¶ 24) (Miss.1998). The court evaluates the best interest of the child by an analysis of the factors set out in Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983); Alderson v. Alderson, 810 So.2d 627, 629(¶ 5) (Miss.Ct.App.2002). It is reversible error if the chancellor does not articulate the reasoning behind the finding for each Albright factor. Davidson v. Coit, 899 So.2d 904, 911(¶ 18) (Miss. Ct.App.2005) (citing Powell v. Ayars, 792 So.2d 240, 249(¶ 33) (Miss.2001)). In his supplemental findings of fact and conclusions of law, the chancellor fully articulates his rationale for each factor.
¶ 7. The record establishes that the chancellor acted in the best interest of the child in awarding custody of Blaze Maria to Kimberly. In his supplemental findings of fact, the chancellor found the following Albright factors to favor Kimberly: parenting skills, capacity to provide primary child care, the stability of the home environment, and continuity of care prior to separation. The chancellor found the following *721 Albright factors to be neutral: age, health, and sex of the child; the employment of the parents; the physical and mental health of the parents; the emotional ties of parent and child; the moral fitness of the parents; and the home, school, and community records of the child. The chancellor found no Albright factor solely favored Dwayne. The preference of Blaze Maria as to whom should have physical custody was not considered because at the time of trial she was seven years old, an age insufficient by law to express a preference.
¶ 8. In his supplemental brief, Dwayne argues that the chancellor abused his discretion and committed reversible error in most of the Albright factors. He contends that all of the factors which were found neutral should have favored him except the age, health, and sex of the child and the moral fitness of the parents. Further, he argues the factors which favored Kimberly should favor him, except for the stability of the home environment, which should be found neutral.
¶ 9. We have thoroughly reviewed the record in light of the supplemental findings of fact by the chancellor. The chancellor properly relied on the testimony of the parties, testimony of family and friends  in equal number and on behalf of each side  and an independent court-appointed expert in family matters. The chancellor ultimately determined that both Dwayne and Kimberly were good parents deserving of custody. However, forced to make a decision as to the grant of physical custody, the chancellor held that the Albright factors favored Kimberly over Dwayne, specifically  continuity of care prior to separation, parenting skills and willingness and capacity to provide primary care, and stability of the home environment.
¶ 10. In light of our standard of review in child custody cases, we must give deference to the chancellor's determination regarding the weight and credibility of the evidence. Alderson, 810 So.2d at 629(¶ 4). As an appellate court, we may not substitute our judgment for the chancellor's but must determine if the chancellor's ruling is supported by substantial evidence. Brewer v. Brewer, 919 So.2d 135, 141(¶ 23) (Miss.Ct.App.2005). "So long as there is substantial evidence in the record that, if found credible by the chancellor, would provide support for the chancellor's decision, this Court may not intercede simply to substitute our collective opinion for that of the chancellor." Id. (citing Bower v. Bower, 758 So.2d 405, 412(¶ 33) (Miss. 2000)).
¶ 11. In our case, we find the chancellor's findings were supported by credible evidence from the record. In his supplemental findings, the chancellor considered the Albright factors, and properly articulated his rationale for each when stating his findings of fact and conclusions of law in awarding custody to Kimberly. There was substantial evidence to support the chancellor's ruling, thus this Court finds no error with awarding primary physical custody of Blaze Maria to Kimberly. Dwayne's issue is without merit. Accordingly, we affirm the chancellor's judgment.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.