CHANDLER, J., for the Court.
¶ 1. On November 21, 2005, the Chancery Court of Washington County denied Cynthia Gray’s (Cindy) petition to modify an earlier court order that granted custody of her two minor children to her ex-husband and their father, Glenn Gray. Aggrieved, Cindy appeals the denial of modification. She asserts the following issues:
I. She met her burden of proving that there had been a material change of circumstances that adversely affects the children.
II. The chancellor erred in applying the Albright factors.
III. The chancellor should have made specific findings as to the preference of thirteen-year-old Jonathan to live with his mother.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On September 20, 2004, the Chancery Court of Washington County entered a final decree of divorce based on irreconcilable differences between the parties, Cindy and Glenn Gray. The order awarded joint legal custody of the two minor children and primary physical custody to their father, Glenn. The court granted visitation based on the standard visitation schedule.
¶ 4. In the divorce decree and award of custody, the chancellor found it was in the best interests of the children for their father to have primary physical custody. Since that time, however, Glenn moved from Leland, Mississippi to Springdale, Arkansas, in order to get away from alleged harassment by Cindy and her father.
¶ 5. On August 5, 2005, Cindy filed a motion for contempt and a petition to modify custody, alleging that Glenn’s move and the living arrangements of the children were material changes of circumstances that adversely affected the children. The court held a trial solely on the issue of modification. At trial, the chancellor heard testimony from Cindy and Glen, their parents, and the two minor children, a daughter who was seven and a son who was thirteen at the time.
¶ 6. Cindy and Glenn each testified as to their acceptable living arrangements. Cindy told how she had begun taking pre-nursing classes but was still completely dependent on her parents for all of her financial support. She was no longer on the methamphetamines that she had been taking at the time of the divorce, but the chancellor noted that she was dependent on antidepressant and anti-anxiety prescriptions. Glenn testified that he moved to Arkansas to escape harassment from his ex-wife and her father. At the time of trial, he was about to open a family sports bar and move into a new house. He lived in a two-bedroom apartment at the time and allowed his daughter to sleep in his bed with him every night. Each of the children expressed that they wished to live with their mother because they missed her.
¶ 7. At the conclusion of the trial, the chancellor found that Cindy had not met her burden of proving a material change of circumstances that adversely affected the children nor had she shown any improvement in her living condition at the time. The chancellor, therefore, denied Cindy’s petition for modification.
STANDARD OF REVIEW
¶ 8. We apply a limited standard of review in a custody case, and we will not reverse the decision of the trial court unless it was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. K.D.F. v. J.L.H., 933 So.2d 971, 980(¶ 33) (Miss.2006) (quoting Hensarling *908 v. Hensarling, 824 So.2d 583, 586(¶ 7) (Miss.2002)).
ISSUES AND ANALYSIS
I. Whether there was a material change in circumstances
¶ 9. Cindy claims that she met her initial burden of proving a material change in circumstance that adversely affects the children. She argues that Glenn’s move to Arkansas and the children’s living conditions there show such a change. According to Cindy, she is also in a better position to care for the children because she has a more stable life now than at the time of the original custody decree. For these reasons, she feels that the chancellor erred in finding that she had not met her initial burden.
¶ 10. To receive a modification of child custody, a petitioner must first prove a material change of circumstances that adversely affects the child. Robison v. Lanford, 841 So.2d 1119, 1124(1116) (Miss.2003). If the petitioner so proves such a change in circumstances, the chancellor then must ask whether the best interests of the child warrant a change in custody. Id. The movant bears the burden of proof. Id. As with all child custody cases, the polestar consideration is the best interests of the child. Brocato v. Brocato, 731 So.2d 1138, 1141(¶ 11) (Miss. 1999).
¶ 11. The relocation of the custodial parent is not always a material change in circumstances, let alone an adverse change sufficient to require modification of custody. Lackey v. Fuller, 755 So.2d 1083, 1088(¶ 26) (Miss.2000).
¶ 12. In the present case, the chancellor found that Cindy had not met her burden of proving a material change in circumstances that adversely affected the children. Specifically, the chancellor refused to fault Glenn for moving away from Leland, Mississippi, for better opportunities in Arkansas. She noted that the children were well cared for, lived in a clean and suitable home, and were doing well socially and in school. Cindy’s mother even admitted in her testimony that Glenn was a good father, that he provided a clean home, that he took chre of the children, and that he fed and clothed them well.
¶ 13. As far as Cindy’s circumstances, the chancellor found that they had not changed much since the divorce. Since then, she had not tried to find a job. At the time of trial, she was in a pre-nursing program, but she had no income except for what her parents gave her. Her parents paid her rent and utilities, bought her groceries, and even loaned her a car. Cindy was not expected to be through with school and be in a position to find a job for approximately two-and-a-half years from the time of trial. While on the stand, she also admitted that her depression and anxiety necessitated that she take a number of prescription medications every day.
¶ 14. The chancellor also found that Glenn’s living arrangements were adequate and did not adversely affect the children, as Cindy alleged. Her complaints that her daughter would sleep in the bed with Glenn and that he would leave the children alone for a few minutes to run to the store were irrelevant because she admitted to doing the same things. She testified that she would leave her son alone because he knew what to do and had a cell phone to use in an emergency. She also said that her daughter liked to sleep in the bed with her all the time too.
¶ 15. Based on these facts presented at trial, we find there was substantial evidence to support the chancellor’s finding that Cindy failed to show a material change of circumstances that adversely af *909 fected the two minor children. It was, therefore, not clearly erroneous nor manifestly in error to deny Cindy’s petition to modify the order granting custody to Glenn. This issue is without merit.
II. Albright factors
¶ 16. Cindy next argues that the chancellor failed to apply the factors set out in Albright v. Albright, 437 So.2d 1003,1005 (Miss.1983). This argument, however, disregards the fact that the chancellor applied an Albright analysis in her initial determination of custody and that the standard for custody modification, as we previously stated, is whether there has been a material change of circumstances since the prior order that adversely affects the child. Robison, 841 So.2d at 1124(¶ 16).
¶ 17. In her denial of modification, the chancellor took into account a number of factors in determining what was in the children’s best interests. She noted that Glenn provided a better living environment, that he was better able to support the children, that he was a better disciplinarian, that the children were doing well in school, and that Cindy still relied on depression and anxiety medication to make it through the day. Based on these factors, the chancellor found that there was no material change in circumstances and that the children’s bests interests would be served by having them remain with their father. We do not find this was in error. This issue is without merit.
III. Preference of a child over the age of twelve
¶ 18. Besides consideration of the best interests of a child, other factors are to be given equal weight. Mosley v. Mosley, 784 So.2d 901, 906(¶ 18) (Miss.2001) (citing Albright, 437 So.2d at 1005). In this case, the chancellor properly noted that the preference of the thirteen-year-old was but one factor to consider in making her determination of whether to change custody. This was not in error, and the chancellor properly took into consideration the best interests of the children in her determination that custody should remain with Glenn. This issue is without merit.
¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.