437 So.2d 1003 (1983)
Dorne Gregory ALBRIGHT
v.
Jennie Rene ALBRIGHT.
No. 54289.
Supreme Court of Mississippi.
September 21, 1983.
Walter W. Teel, Sekul, Hornsby, Wallace & Teel, Biloxi, for appellant.
Robert E. Farish, Jr., Biloxi, for appellee.
En Banc.
PRATHER, Justice, for the Court:
Dorne Gregory Albright, father of a nineteen month old son, challenges his son's custody award to the mother, Jennie Rene Albright, by the Second Judicial District of *1004 Harrison County Chancery Court. The chancellor based his decision solely on the presumption that a child of young and tender years should be awarded to the mother and that such presumption had not been rebutted.

I.
Jennie Rene Albright and Dorne Gregory Albright were married December 22, 1979. One son, Dorne Gregory Albright, Jr. was born on October 31, 1980.
Both parties are enlisted personnel in the United States Air Force. Dorne Albright, age 24 years, is a security policeman, and Jennie Albright, age 23, is a sergeant. Their base pay is the same, except that the husband draws quarters allowance. Although the testimony evidences some disputed facts, both parents have performed parental duties for their son and shared in his support and rearing. The record reflects that, with both parents working, the boy has spent his weekdays with an efficient babysitter at least since seven months of age.
Following the separation of these parents on December 11, 1981, this divorce and custody suit was filed. The chancery court awarded a divorce to the wife; however, no error is assigned with reference to that judgment. As to the custody issue, the trial court found that both parties were fit parents, but awarded custody to the mother.

II.
The question before the Court is whether the "tender age rule" in custody awards is violative of the father's right to equal protection of the law under Fourteenth Amendment to the United States Constitution. However, it is not necessary to reach the United States constitutional question since there is Mississippi statutory law upon which this case can be decided. The applicable statute is Miss. Code Ann. § 93-13-1 (1972) which states in part that "Neither parent has any right paramount to the right of the other parent concerning the custody of the minors... ."
A history of the development of the "tender years doctrine" is significant. At common law, a father had the absolute proprietary right to the custody of his legitimate minor children, and this right was incorporated into the jurisprudence of our country. Gradually, enlightened attitudes changed from the traditional common law rule of absolute paternal custody to an acknowledgment of maternal preference in custody awards of young children. In some jurisdictions this doctrine has taken the form of a legal evidentiary presumption; while in other jurisdictions, it is expressed as a rule or natural presumption.
In Mississippi jurisprudence the early case of Johns v. Johns, 57 Miss. 530 (1879) established the rule that: "In all cases where any child is of such tender age as to require the mother's care for its physical welfare it should be awarded to her custody, at least until it reaches that age and maturity where it can be equally well cared for by other persons."
This principle has been followed in numerous cases since it was first enunciated. Brown v. Brown, 237 Miss. 53, 112 So.2d 556 (1959); Kennedy v. Kennedy, 222 Miss. 469, 76 So.2d 375 (1955); Scott v. Scott, 219 Miss. 614, 69 So.2d 489 (1954); Bland v. Stoudemire, 219 Miss. 526, 69 So.2d 225 (1954); Mitchell v. Mitchell, 218 Miss. 37, 65 So.2d 265 (1953); Kyzar v. Kyzar, 248 Miss. 59, 157 So.2d 770 (1963); Bunkley and Morse's Amis, Divorce and Separation in Mississippi § 805, p. 217.
These cases refer to this principle as a rule, not a presumption. Cf. Sistrunk v. Sistrunk, 245 So.2d 845 (Miss. 1971). However, the rule is not absolute, and where unfitness of the mother is found, then the rule is not applied. Hodum v. Crumpton, 329 So.2d 667 (Miss. 1976); Buntyn v. Smallwood, 412 So.2d 236 (Miss. 1982).
Notwithstanding the reiteration of this maternal preference rule, our decisions have always stated the cardinal principle to be applied to custody decisions is that which is in the best interests and welfare of the minor child. Brown v. Brown, supra; Buntyn v. Smallwood, supra and the cases cited *1005 therein. Even now it is a principle which is weaker than in past years. Cheek v. Ricker, 431 So.2d 1139 (Miss. 1983). "It hardly seems rational that the age of a child should per se lead to any particular result."
The "tender age doctrine" has been undergoing re-evaluation in recent years. Two states have held that the maternal presumptive favoring mothers in custody cases violates state as well as United States Constitutional guarantees of the Fourteenth Amendment. Watts v. Watts, 77 Misc.2d 178, 350 N.Y.S.2d 285 (1973). The tender years presumption was held an unconstitutional gender-based classification which discriminates between fathers and mothers in child custody cases solely on basis of sex. Devine v. Devine, 398 So.2d 686 (Ala. 1981).
However, since Miss. Code Ann. section 93-13-1 (1972) affords us an independent and adequate remedy upon which to base this opinion, we decide it upon state statutory grounds and not federal constitutional ones.
We reaffirm the applicability of section 93-13-1. We are aware that the "tender years" doctrine has undergone a weakening process in many jurisdictions as well as in this state. Cheek v. Ricker, supra. To abandon the rule, however, would discard a factor worthy of weight in determining the best interest of a child in a particular case.
We reaffirm the rule that the polestar consideration in child custody cases is the best interest and welfare of the child. The age of the child is subordinated to that rule and is but one factor to be considered. Age should carry no greater weight than other factors to be considered, such as: health, and sex of the child; a determination of the parent that has had the continuity of care prior to the separation; which has the best parenting skills and which has the willingness and capacity to provide primary child care; the employment of the parent and responsibilities of that employment; physical and mental health and age of the parents; emotional ties of parent and child; moral fitness of parents; the home, school and community record of the child; the preference of the child at the age sufficient to express a preference by law; stability of home environment and employment of each parent, and other factors relevant to the parent-child relationship.
Marital fault should not be used as a sanction in custody awards. Relative financial situations is not controlling since the duty to support is independent of the right to custody. Differences in religion, personal values and lifestyles should not be the sole basis for custody decisions.

III.
Having reviewed the record, the Court is of the opinion that the chancellor applied the standard of best interest and welfare of the child to this custody decision. The proper result was reached even though for the wrong reasoning. We therefore affirm the trial court.
AFFIRMED.
PATTERSON, C.J., WALKER and BROOM, P. JJ., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and ROBERTSON, JJ., concur.