MYERS, J.,
for the court.
¶ 1. Erin Leann Myers and Benjamin Myers were granted a divorce in the Harrison County Chancery Court on the ground of adultery committed by Erin. Primary physical custody of the three children was awarded to the father, Benjamin. Erin Myers now appeals the custody ruling of the lower court. Finding no error in the lower court’s ruling, we affirm.
FACTS
¶ 2. Erin and Benjamin Myers were married in 1992. During the marriage, the primary caregiver for the children was Erin because she was a stay-at-home mother. Benjamin earned the income for the family. The couple separated in 1998 with Erin filing for divorce. After several hearings transferring custody of the three minor children to Benjamin, compelling discovery and changes of attorneys, a divorce was granted in 2001.
¶ 3. At the time of the divorce, Erin lived with her parents and her boyfriend. When her children visited, they were at the grandparents’ home. At time of trial she had obtained her GED and was beginning a new job as a receptionist. Benjamin lived by himself in his own home. Both parties made allegations that the other was living out of wedlock with their respective paramours while the children were present. There were allegations that Benjamin was emotionally unavailable, exhibited disdain for women, even his daughters, left pornography around the house for the children to see and was violent. It was also alleged that Erin was neglectful of the children and the home during a bout with clinical depression.
¶4. Erin admitted that when the children lived with her they often had several unexplained absences from school. In Benjamin’s custody, the girls attended school regularly and made good grades. The family was ordered to see a court-appointed psychologist while awaiting trial. Each parent attended with the children but separate from one another and the children went individually. In the psychologist’s opinion, the girls were unruly and out of control when his evaluations started while they lived with their mother. After living with their father for a while, the children were well behaved and did not complain about living with their father. The girls are *835 well taken care of and in good health. At the time of trial, the girls had been living in the father’s custody for a year.
DISCUSSION
¶ 5. In the judgment of divorce the chancellor awarded primary physical custody of the three children to Benjamin with both parents retaining joint legal custody. The court based its reasoning on the factors in Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). The chancellor made no specific determinations regarding which parent was better or more qualified per each of the Albright factors. This Court’s job is limited as we may only sit in review of a chancellor’s ruling and reverse only when there has been manifest error or an erroneous legal standard applied. Powell v. Ayars, 792 So.2d 240, 243 (¶ 6) (Miss.2001).
¶ 6. It appears that Chancellor Teel considered the proper factors as he clearly stated such in his opinion. In that opinion, he listed the Albright factors and outlined the facts as they would apply to the requisite factors. The court must provide specific factual findings in order for this Court to verify that each factor was properly considered. Id. at 244-45 (¶ 11). It is not necessary for a chancellor to keep a .score sheet stating who won. Custody battles are not competitions as children are not pawns within a game. The best interest of the child or children in question is always the polestar consideration in questions of custody. Rushing v. Rushing, 724 So.2d 911, 916 (¶ 24) (Miss.1998). In the present situation, the interests of the children are better served in the custody of their father.
¶ 7. THE JUDGMENT OF THE CHANCERY COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, CHANDLER AND BRANTLEY, JJ., CONCUR.