LEE, J.,
for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. Valerie Gantenbein and Sam Gan-tenbein were married December 16, 1994, *65 and had a son, Timothy, born July 17, 1997. Valerie and Sam separated on January 27, 2000, and Valerie filed for divorce citing habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences. Sam then filed a counter-complaint citing habitual cruel and inhuman treatment and adultery or, in the alternative, irreconcilable differences. The chancellor granted Sam a divorce from Valerie on the grounds of adultery. The chancellor awarded custody of Timothy to Valerie, granted visitation rights to Sam, and ordered Sam to pay child support. Sam appeals to this Court asserting that the chancellor erred in awarding custody of Timothy to Valerie. Finding no merit, we affirm.
DISCUSSION OF ISSUE
I. DID THE CHANCELLOR ERR IN AWARDING CUSTODY OF THE MINOR CHILD TO VALERIE GAN-TENBEIN?
¶ 2. The standard of review in child custody cases is similar to the standard in all domestic relations cases. A reversal is proper if the chancellor is manifestly in error or has applied an erroneous legal standard. Williams v. Williams, 656 So.2d 325, 330 (Miss.1995). Appellate courts need only to determine if the chancellor’s decision was supported by credible evidence. Lee v. Lee, 798 So.2d 1284 (¶ 22) (Miss.2001).
¶ 3. It is well settled that in child custody cases, the polestar consideration is the best interest of the child. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). The factors used to determine what is in the “best interests” of a child with regard to custody are: (1) age, health and sex of the child; (2) determination of the parent that had the continuity of care prior to the separation; (3) which parent has the best parenting skills and which has the willingness and capacity to provide primary child care; (4) the employment of the parent and responsibilities of that employment; (5) physical and mental health and age of the parents; (6) emotional ties of the parent and child; (7) moral fitness of the parents; (8) the home, school and community record of the child; (9) the preference of the child at the age sufficient to express a preference by law; (10) stability of home environment and employment of each parent; and (11) other factors relevant to the parent-child relationship. Id. However, an appellate court must find a chancellor in error where the chancellor improperly considers and applies the Albright factors. Hollon v. Hollon, 784 So.2d 943(¶ 11) (Miss.2001).
¶ 4. In determining whether the chancellor abused his discretion in applying the Albright factors, the appellate court “review[s] the evidence and testimony presented at trial under each factor to ensure [the chancellor’s] ruling was supported by [the] record.” Hollon, 784 So.2d at (¶ 13). Furthermore, differences in religion, personal values, and lifestyles should not be the sole basis for custody decisions. Albright, 437 So.2d at 1005.
¶ 5. We must now review the evidence and testimony presented at trial under each Albright factor to determine whether the ruling by the chancellor was supported by the record.

Age, Health and Sex of the Child

¶ 6. Timothy was born in 1997 and he is in good health.

Continuity of care

¶ 7. Although Sam testified that Valerie took greater care of Timothy, the chancellor found that both parties contributed substantially to the care of their son before the separation. The chancellor also found *66 it important that Sam had agreed to give temporary custody of Timothy to Valerie.

Parenting skills and willingness and capacity to provide primary child care

¶ 8. The chancellor determined that both parties have adequate parenting skills. From the record it is evident that both parties want to provide primary child care for Timothy. Furthermore, from Sam’s testimony, it is apparent that he only voiced concern over Valerie’s care of Timothy after she sought a divorce from him.

The employment of the parent and the responsibilities of that employment

¶ 9. Valerie works in Jackson as an assistant vice-president in investment services for Union Planters Bank. Valerie has a stable job with flexible hours. Sam is self-employed as an automotive recondi-tioner in Tupelo, and he testified that he works as little as three days a week. Sam has had less job stability, having nine different employers over the course of their six-year marriage, with eight of those during the first two-and-a-half years of the marriage.

Physical and mental health and age of the parents

¶ 10. The chancellor determined that both parties are in good mental health and that Valerie’s physical health is good. Sam admitted to contracting herpes in 1997 three years after his marriage with Valerie, but denied any sexual relations with others during the marriage. Valerie also presented evidence that Sam has a temper and has shown it in front of Timothy.

Emotional ties of the parent and child

¶ 11. The chancellor found that both Valerie and Sam love Timothy a great deal and have strong emotional ties with him.

Moral fitness of the parents

¶ 12. The chancellor found that both parents were morally fit for custody of Timothy, although Valerie and Sam both admitted to committing adultery after their separation. Sam tried to prove that Valerie exposed Timothy to her extra-marital relationship, but the chancellor found no credible proof to support the allegation. Sam, however, did admit to having Timothy around different girlfriends dining weekend visitations. Although both parties admitted adultery, the chancellor awarded the divorce to Sam because he charged adultery and Valerie did not.

The home, school and community record of the child

¶ 13. The chancellor found this factor not applicable due to the young age of the child.

The preference of the child at the age sufficient to express a preference

¶ 14. The chancellor also found this factor not applicable because four year old Timothy is not at the age sufficient to express a preference.

Stability of the home environment and employment of each parent

¶ 15. Valerie and Timothy live in a rented apartment in Jackson while Sam lives in a home in Tupelo owned by his stepfather. As previously stated, Valerie has job stability, while Sam’s employment record shows less job stability.

Other factors relevant to the parent-child relationship

,¶ 16. Sam has an elderly grandmother who lives in Tupelo, but his other family lives out of state. Valerie has no immediate family in Jackson and her extended family lives in Texas. Both Sam and Valerie are visited periodically by their families. The family members who testified on Sam’s behalf admitted to not having firsthand knowledge of many relevant facts concerning the custody issue, such as Valerie’s parental abilities. Furthermore, the *67 chancellor found that a significant factor in his custody decision was Sam’s child from a previous relationship, an eight year old son named Gabriel. Sam testified that he had not seen Gabriel since his first birthday, paid no child support for him, and voluntarily relinquished his parental rights.
¶ 17. After weighing all the factors, the chancellor found the best interests of the child would be served by granting primary custody to Valerie. We find that the chancellor’s decision was supported by credible evidence; thus, we affirm.
¶ 18. THE JUDGMENT OF THE LEE COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
MeMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.