SOUTHWICK, P.J.,
for the court.
¶ 1. Judith and Stephen Steverson were granted an irreconcilable differences divorce. Mr. Steverson was awarded custody of the parties’ two minor children. On appeal, Mrs. Steverson argues that the chancellor erred by not applying the “tender years” doctrine, and that custody of both children should have been awarded to her. We disagree and affirm.
STATEMENT OF FACTS
¶ 2. Judith and Stephen Steverson were married in 1988 and had two children, Franklin and Peyton, prior to their separation in 2001. The parties were granted a divorce based on irreconcilable differences in April 2002. They stipulated to limit the issues to be tried to the matters of child custody, child support, and division of marital property. Following a one day trial, the chancellor entered his ruling, specifically granting custody of both children to Mr. Steverson, subject to liberal visitation by their mother. Mrs. Steverson appeals.
DISCUSSION
¶ 3. Mrs. Steverson claims that the chancellor erred by failing to apply the “tender years” doctrine. She further contends that this error tainted the chancellor’s analysis of the custody decision.

1. The “tender years” doctrine

¶ 4. We will reverse a chancellor only if manifest error was committed or an erroneous legal standard was applied. Lee v. Lee, 798 So.2d 1284, 1288 (Miss.2001). A chancellor’s factual findings will be upheld if they are supported by credible evidence and are not manifestly in error. Chamblee v. Chamblee, 637 So.2d 850, 860 (Miss.1994).
¶ 5. Mrs. Steverson submits that the chancellor manifestly erred in neglecting to weigh the value of the “tender years” doctrine in determining custody. The definitive Supreme Court opinion regarding child custody thoroughly analyzed the doctrine’s history and treatment before effectively replacing the rule with multiple factors to be applied when custody awards are made. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). The court’s conclusion was that a child’s age was merely one of a number of considerations of equal value. Id.
¶ 6. Additional interpretations have been made of the “tender years” doctrine. One subsequent case upon which Mrs. Stever-son relies stated that the Court had “continuously held that if the mother of a child of tender years ... is so fit, then she should have custody.” Law v. Page, 618 So.2d 96, 101 (Miss.1993). However, the Lee court does not end its review there. The Court then found that the doctrine “is in no way absolute” and that over time, “it has been slowly eroded to that of a presumption rather than a rule.” Id.
¶ 7. A later decision used language suggesting that there was still a presumption in favor of maternal custody based on the tender years doctrine. Hollon v. Hollon, *306 784 So.2d 943, 947 (Miss.2001). The court’s full opinion, though, characterizes the doctrine as one of a number of factors to be weighed in considering a custody award. Id. at 947 n. 2.
¶ 8. Chancellors and appellate courts must focus in custody matters on the welfare of the children involved. Albright, 437 So.2d at 1005. Chancellors are required to weigh a number of factors, of which age is only one. Manifest error does not arise simply from failing to give custody of children of tender years to their mother. We look now at the broader array of considerations.

2. The Albright factors

¶ 9. As a corollary argument, Mrs. Steverson argues that the chancellor’s Al-bright analysis failed adequately to consider the factors in light of the children’s ages. Specifically, she submits that the chancellor erred in his analysis of the three factors which were found to favor Mr. Steverson.

a.Age and sex of the children

¶ 10. The chancellor began his on-the-record findings by analyzing the age and sex Albright factors. The chancellor found that because both children were boys, this favored Mr. Steverson. Peyton was two years old at the time of trial. Being of “tender years,” this factor presumed favor in Mrs. Steverson. The chancellor considered these competing factors, finding that because both children were boys, as well as noting the law’s compelling interest in keeping siblings together, this effectively outweighed the “tender years” presumption. Sellers v. Sellers, 638 So.2d 481, 484-85 (Miss.1994). We find no reversible error in the chancellor’s finding.

b. Home, school, and community record of the child

¶ 11. The chancellor found that this factor again favored Mr. Steverson because of his involvement in extracurricular activities and sports with the boys. The chancellor further noted that the boys’ paternal grandmother stood “ready, willing, and able” to assist in raising the children. Mrs. Steverson counters by arguing that the grandmother was a “negative and disruptive” influence and by suggesting that the occasional presence at her home of Mr. Steverson’s brother, who had contracted hepatitis C, threatened the boys’ safety. We find no reversible error in the chancellor’s analysis of these conflicting considerations.
c. Emotional ties of parent and child
¶ 12. Mrs. Steverson challenges the lower court’s findings with regard to the boys’ relationships with her. The chancellor found that while Peyton’s emotional ties were equal between mother and father, Franklin had a stronger bond with his father. Mrs. Steverson essentially admitted this, describing her relationship with Franklin as “distant.”
¶ 13. The lower court utilized a thorough analysis of the Albright factors in reaching this decision. We find no error in it.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.