982 So.2d 997 (2008)
Sandra K. (Lammey) CONNELLY, Appellant
v.
David Howell LAMMEY, Appellee.
No. 2006-CA-02093-COA.
Court of Appeals of Mississippi.
May 20, 2008.
Gerald W. Chatham, H.R. Garner, Hernando, attorneys for appellant.
Peggy A. Jones, Holly Springs, Martin Zummach, Walls, attorneys for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On September 8, 1998, Sandra K. Lammey Connelly (Connelly) and David *999 Howell Lammey (Lammey) were granted a divorce in the DeSoto County Chancery Court. The chancellor awarded both parties joint legal custody of their two sons, Dean and Matthew, but Connelly was awarded physical custody of the boys. In August 2005, Connelly relocated to Las Vegas, Nevada, taking Dean and Matthew with her. Lammey subsequently filed a petition seeking paramount custody of the boys. After a hearing in August 2006, the chancellor granted Lammey's request for custody modification. Connelly filed a motion to reconsider, which was denied by the chancellor. Connelly now appeals, asserting that the chancellor erred in finding a material change in circumstances and in finding that the best interests of the boys would be served by a change in custody.

STANDARD OF REVIEW
¶ 2. The standard of review in child custody cases is quite limited, and in order to reverse the chancellor's findings, the chancellor must be manifestly wrong, clearly erroneous, or have applied an erroneous legal standard. Hensarling v. Hensarling, 824 So.2d 583, 586 (¶ 7) (Miss. 2002). This Court reviews de novo whether the chancellor applied the proper legal standard in deciding a custody modification case. Morgan v. West, 812 So.2d 987, 990 (¶ 8) (Miss.2002).

DISCUSSION
¶ 3. As both issues raised by Connelly relate to whether the chancellor erred in modifying custody, we will address them together. The prerequisites for child custody modification are as follows: (1) whether there has been a material change in circumstances which adversely affects the welfare of the child and (2) whether the best interest of the child requires a change of custody. Weigand v. Houghton, 730 So.2d 581, 585(¶ 15) (Miss. 1999).
¶ 4. In determining whether there had been a material change in circumstances, the chancellor noted that relocation by a custodial parent is not, in and of itself, a sufficient material change of circumstances. See Giannaris v. Giannaris, 960 So.2d 462, 468(¶ 11) (Miss.2007). The chancellor noted Connelly's reason for moving was to be closer to her parents, who were old and in failing health. The chancellor also noted that Connelly claimed to have promises of suitable employment in Las Vegas and a free place to live; however, the chancellor stated that "those things proved not to be the case. . . ." According to the testimony, Connelly found suitable employment approximately one to two months after moving to Las Vegas and did live with her parents rent free for nine months before building a house for her and her boys.
¶ 5. The chancellor then proceeded to summarize the testimony of Dr. L.D. Hutt, a psychologist who had interviewed and tested Connelly, Lammey, and both boys. Dr. Hutt found that Dean was unhappy living in Las Vegas and wanted to live with his father. The chancellor noted that Dr. Hutt found that Dean was traumatized by the move and was upset with his mother by the way she handled the move to Las Vegas. There was also testimony that Dean's grades had suffered. A report card showed that Dean had made a "C" in math. Dean, who was fourteen at the time, testified at trial, stating that: he had made a lot of friends at his new school; he was involved in extracurricular activities; he had no difficulties in being able to speak with his father on the telephone; although in eighth grade at the time, he was in a tenth-grade-accelerated-math class, which was much harder, as evidenced by his "C" grade; and school in *1000 general was harder in Las Vegas than in Mississippi. Dean explained to the chancellor why he wanted to live with his father in Mississippi:
It's just everything I like to do here. There's hunting, there's fishing. I did better at baseball here, I did worse out in Las Vegas. My friends, I got a lot more friends here that I never did really get to say good-bye to. I just like it here [in Mississippi] a lot.
All the hunting and fishing, that's like my favorite thing in the world. I lived with my mom until now, so, I think it would be pretty fair to live the rest of my life with my dad until I move out of the house. It's kinda evened up.
¶ 6. The chancellor also noted Dr. Hutt's interview with the youngest son, Matthew, who also expressed his sadness about being uprooted from his home. Ultimately, Dr. Hutt opined that both the move to Las Vegas and Connelly's interference with the boys' interaction with the Lammey family had adversely affected the boys. The chancellor then determined that there had been a material change in circumstances that adversely affected the welfare of both boys.
¶ 7. The chancellor then made an on-the-record determination of whether the best interests of the children would be served by transferring custody. The chancellor discussed each factor in depth as outlined in Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). The chancellor found that the following five factors favored Lammey: (1) the health, sex, and age of the children; (2) the existing emotional ties; (3) the home, school, and community record of the children; (4) the preference of the child at the age sufficient to express a preference by law; and (5) the stability of the home environment. The chancellor found that the following two factors favored Connelly: (1) the continuity of care and the employment of the parents and (2) the responsibilities of that employment. The chancellor found that the remaining four factors did not favor one parent over the other: (1) the parenting skills; (2) willingness and capacity to provide the primary care; (3) the physical and mental health of the parents; and (4) the moral fitness of the parents. The chancellor found that it would be in the best interests of the boys that custody be transferred from Connelly to Lammey. As the chancellor was in the best position to judge the credibility of the witnesses, we can find no error in his determination. We find that there is substantial evidence in the record to support the chancellor's findings. Therefore, we affirm the modification of custody from Connelly to Lammey.
¶ 8. THE JUDGMENT OF THE DESOTO COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.