CARLTON, J.,
dissenting.
¶28. I respectfully dissent. The majority distinguishes this case from the precedents of C.A.M.F. v. J.B.M. 972 So.2d 656 (Miss.Ct.App.2007) and Riley v. Doerner, 677 So.2d 740 (Miss.1996). These cases stand for the proposition that where evidence exists to show criminal or immoral conduct in the home of the custodial parent such as drug use or nudity, then such evidence may be sufficient to justify a modification of custody, even without a specific finding that such environment has adversely affected the child’s welfare.
¶ 29. The majority finds that the conduct in this case does not compare to what transpired in C.A.M.F. or Riley. The majority also finds that the conduct that the child was exposed to is now moot. I respectfully disagree and would remand the case for the chancellor to reconsider the Albright factors[6] in light of the Riley exception and the potentially criminal conduct in this case.
¶ 30. Traditionally, Mississippi law has held that a change in the circumstances of the non-custodial parent does not, by itself, merit a modification of custody. Riley, 677 So.2d at 744. The Riley court created a narrow exception to this principle. The Riley exception applies “if the custodial parent’s home environment is found to be contrary to the child’s best interest and the non-custodial parent’s home environment has improved and surpassed that of the custodial parent, so that it is now in the child’s best interest to live with the non-custodial parent.” Lewis v. Lewis, 974 So.2d 265, 267-68(¶ 15) (Miss.Ct.App.2008).
¶ 31. Steve Ruth and London Suzette Burchfield were not married when paternity of their child was established in 1999. At that time, the court ordered child support, and Burchfield was awarded physical custody of the child with the parents sharing joint legal custody.[7] In considering the present matter, the chancellor found no material change in circumstances, but he still conducted an Albright analysis. In the record before the Court, Burchfield admitted that she allowed her twelve-year-old daughter to baby-sit the child on a recurring basis. This included all-day supervision during the summer. Such circumstances could be viewed as child neglect depending on the length of time the child was left in the twelve-year-old’s care.[8] Nonetheless, Burchfield defended her choice of this youthful supervision by claiming that her twelve-year-old daughter was very mature.
¶ 32. Then Burchfield also admitted that her other babysitter, age fifteen, engaged in an inappropriate relationship with Burchfield’s twenty-year-old son. Therefore, the sexual relationship between the two was more than inappropriate. The babysitter, age fifteen at the time of the sexual relationship, was not of age to consent to such sexual relations.[9] The re *610 lationship was potentially criminal. The record shows that Burchfield expressed regret for continuing to allow the fifteen-year-old babysitter to continue to baby-sit the child after she discovered the sexual relationship. No evidence in the record reflects that Burchfield ever reported this behavior, whether labeled as an inappropriate sexual relationship, statutory rape, or fondling of a child under the age of sixteen, to the babysitter’s parents, to the Mississippi Department of Human Services, or to other authorities. She simply fired the babysitter after another two or three weeks of baby-sitting.
¶ 33. Burchfield also admits she discovered that her twenty-year-old son had used marijuana in her home. She testified that after she confronted him about his marijuana use, he moved out of the home, only to return within several weeks. The son was not living with Burchfield at the time of trial. The majority finds the immoral conduct of Burchfield’s son is now moot. I respectfully submit that the son’s use of an illegal drug constitutes not just immoral behavior, but also criminal behavior. Such circumstances could fall within the scope of child endangerment, depending on the facts.[10]
¶ 34. Additionally, I do not find that the son’s behavior and influence is now moot. Nothing prohibits him from moving back into his mother’s home or from visiting, thereby exposing the child to his conduct. The record contains no evidence of any steps Burchfield has taken to restrain her son from returning to the home or to rehabilitate him. Burchfield has also shown an inability or unwillingness to report her son’s illegal behavior to authorities.
¶ 35. In sum, I find the criminal conduct and lack of supervision in Burchfield’s home dispositive in finding that the chancellor abused his discretion when he determined the custody issue in this case.[11] Therefore, I would remand this case to the chancellor for reconsideration of the custody issue. On remand, I would direct the *611 chancellor to reconsider the criminal acts of Burchfield’s son that occurred in Burch-field’s home and the lack of appropriate supervision provided to the child in light of the Albright factors and the Riley exception.
ISHEE, J., joins this opinion.

. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983).

. It does not appear from the record that the chancellor conducted an Albright analysis when Burchfield was awarded physical custody of the child in 1999.

. See Miss.Code Ann. § 97 — 5—39(l)(b) (Rev. 2006) ("If the child’s deprivation of necessary ... supervision appropriate to the child's age results in substantial harm to the child's physical, mental or emotional health, the person may be sentenced to imprisonment for not more than five ... years or to payment of a fine of not more than ... $ 5,000.00 ..., or both.”).

.See Miss.Code Ann. § 97-3-65(1) (Supp. 2009) (“The crime of statutory rape is committed when: (a) Any person seventeen ... years of age or older has sexual intercourse with a child who: (i) Is at least fourteen ... but under sixteen ... years of age.”); Miss. *610 Code Ann. § 97-5-23(1) (Rev.2006) ("Any person above the age of eighteen ... years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of sixteen ... years, with or without the child's consent ... shall be guilty of a felony and, upon conviction thereof, shall be fined in a sum not less than ... $ 1,000[ ] ... nor more than ... $ 5,000[] ..., or be committed to the custody of the State Department of Corrections not less than two ... years nor more than fifteen ... years, or be punished by both such fine and imprisonment, at the discretion of the court.").

. See Miss.Code Ann. § 97-5-39(2)(b)(i) (Rev.2006) ("A parent, legal guardian or caretaker who endangers a child’s person or health by knowingly causing or permitting the child to be present where any person is selling, manufacturing or possessing immediate precursors or chemical substances with intent to manufacture, sell or possess a controlled substance as prohibited under Section 41-29-139 or 41-29-313, is guilty of child endangerment and may be sentenced to imprisonment for not more than ten ... years or to payment of a fine of not more than ... $10,000[] ..., or both.”).

. See Weeks v. Weeks, 989 So.2d 408, 412-13 (¶¶ 17-18) (Miss.Ct.App.2008) (finding that the chancellor properly considered in her Al-bright analysis the violent behavior of the mother's boyfriend and the overall environment of the mother's home when she awarded physical custody of the child to the father); Powell v. Powell, 976 So.2d 358, 362 (¶¶ 17-18) (Miss.Ct.App.2008) (reversing and remanding on child custody issue so the chancellor could reconsider the Albright factors in light of the totality of the circumstances when the chancellor failed to consider the rape of one of the two children and the mother’s failure to obtain counseling for this child, as well as the overall unstable home environment which the mother provided).