CARLTON, J.,
Dissenting:
¶ 21. I respectfully dissent. In matters concerning protecting a child from danger, the judgment of the parent — and parenting skills — are extremely important. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983); A.T.K. v. R.M.K.W., 26 So.3d 1103, 1105 (¶ 10) (Miss.Ct.App.2009). Bethany Wikel Miller’s poor judgment is not in dispute. She admitted she engaged in a sexual relationship with a minor at the high school where she taught while she was still married to Brian Wikel. Bethany also rejected the advice offered by a counselor to assist in Zachary’s adjustment after his parents’ divorce. Brian further asserts that Bethany also interfered with his ability to participate in Zachary’s activities after the divorce, further adversely impacting Zachary.
*37 ¶ 22. In Riley v. Doerner, 677 So.2d 740, 744 (Miss.1996), the Mississippi Supreme Court held that “when the environment provided by the custodial parent is found to be adverse to the child’s best interest, and ... the non-custodial parent ... is able to provide an environment more suitable than that of the custodial parent, the chancellor may modify custody accordingly.” Additionally, we have held that “[w]hen considering whether a material change in circumstances has occurred, the court must examine the totality of the circumstances.” A.T.K., 26 So.3d at 1106 (¶ 11). In the present case, I find that the record reflects that Brian is able to provide a more suitable living environment for Zachary and Garrett than their current situation.
¶23. The Mississippi Supreme Court expressed that a child’s resilience and ability to cope with difficult circumstances should not serve to shackle the child to an unhealthy home, especially when a healthier one beckons. Riley, 677 So.2d at 744. Therefore, I dissent.
LEE, P.J., AND ISHEE, J„ JOIN THIS OPINION.