IRVING, P.J,
for the Court:
¶ 1. Matthew Tyler McMullin (Matt) and Kimberly Scott Simmons McMullin were divorced in 2008. The final judgment of divorce provided for Matt and Kimberly to share joint legal and physical custody of their sons. Soon after their divorce was finalized, Kimberly entered a rehabilitation facility for treatment of her addiction to prescription drugs. According to a temporary agreement between Matt and Kimberly, he would have full custody of the children while she was in treatment. On August 13, 2009, Matt filed a Petition for Modification of Child Custody and Other Relief. The Rankin County Chancery Court denied Matt’s request and reinstated the joint-custody arrangement from the final judgment of divorce. Feeling aggrieved, Matt appeals and argues that the chancery court improperly analyzed the Albright[1] factors and erred in refusing to modify custody.
¶ 2. Because the chancery court did not enter a final, appealable judgment, we lack jurisdiction to address the merits of Matt’s claims. Therefore, this appeal is dismissed.
FACTS
¶ 3. Matt and Kimberly were married on March 10, 2006. During the course of the marriage, the couple had two sons, Tyler and Tayloe. Matt and Kimberly were divorced on December 12, 2008. In the chancery court’s Final Judgment of Divorce, the court granted Matt and Kimberly joint legal and physical custody of their sons.
¶4. After their divorce was finalized, Kimberly entered a rehabilitation facility for treatment of her addiction to prescription drugs. Kimberly and Matt entered into a temporary custody agreement, in which Matt would have full custody of their sons while Kimberly received treatment. Kimberly completed the rehabilitation facility’s primary care program, but she was forced to continue with outpatient treatment after failing the facility’s drug test.
¶ 5. As the basis for his petition to modify custody, Matt alleged that material changes in circumstances had arisen, which adversely affected their sons. Specifically, Matt alleged that Kimberly was *703 cohabitating outside the bonds of marriage in violation of their Property Settlement Agreement and that she was still abusing prescription drugs. The chancery court found that Kimberly’s behavior created a potential harm to their sons, amounting to a material change in circumstances. However, following its review of the Albright factors, the chancery court concluded that the factors favored both parents equally. Consequently, the chancery court denied Matt’s petition and reinstated the original custody arrangement. However, the chancery court noted that it “reserve[d] the right to modify custody, if needed, based on Dr. [Stanley Randall] Easterling’s report and recommendation.” On June 4, 2010, Matt filed a Motion to Alter or Amend, which the chancery court denied. Again, the chancery court stated that it “maintain[ed] the authority to alter or amend the judgment [on] the [c]ourt’s [own] initiative as it is contingent on the recommendation to the [c]ourt from ... addictionologist, Dr. Randy Easterling.”
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. Although neither party has raised an issue as to whether the chancery court’s order is a final, appealable judgment, we “must address this question on our own initiative.” M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006) (quoting Williams v. Delta Reg’l Med. Ctr., 740 So.2d 284, 285 (¶ 5) (Miss.1999)). Only final judgments are appealable unless a Rule 54(b) certificate has been entered or the Mississippi Supreme Court has granted permission for the parties to proceed with an interlocutory appeal. See M.R.C.P. 54(b); M.R.A.P. 5.
¶ 7. Here, the chancery court’s order is not a final judgment. The chancery court explicitly stated in both of its orders that the decision to maintain a joint physical and legal custody arrangement between Matt and Kimberly was contingent upon Dr. Easterling’s report concerning Kimberly’s addiction to prescription drugs. Until the chancery court receives Dr. Easterling’s report, its decision concerning the custody of Matt and Kimberly’s children is not final.[2] Furthermore, neither of the chancery court’s orders makes an “expressed direction for the entry of the judgment” or expressly determines that there is “no just reason for delay.” M.R.C.P. 54(b). Without a Rule 54(b) certification, the chancery court’s order is not a final judgment. Thus, we must dismiss this appeal for lack of jurisdiction.
¶ 8. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.

. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983)

. The record is devoid of any additional orders or judgments reflecting Dr. Easterling’s findings,