# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-00785-COA

**THOMAS E. ETHRIDGE, III**                                        **APPELLANT**

**v.**

**CHRISTY WARD ETHRIDGE**                                          **APPELLEE**

DATE OF JUDGMENT:          01/05/2016
TRIAL JUDGE:               HON. M. RONALD DOLEAC
COURT FROM WHICH APPEALED: FORREST COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANT:    DIANNE HERMAN ELLIS
ATTORNEY FOR APPELLEE:     S. CHRISTOPHER FARRIS
NATURE OF THE CASE:        CIVIL - CUSTODY
DISPOSITION:               AFFIRMED - 09/26/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., FAIR AND WILSON, JJ.**

**IRVING, P.J., FOR THE COURT:**

¶1.     Thomas Ethridge III appeals the judgment of the Forrest County Chancery Court, arguing that the court erred in awarding Christy Ethridge physical custody of their minor child and in not awarding him a new trial after learning of Christy's alleged perjured testimony.

¶2.     Finding no error, we affirm.

## FACTS

¶3.     Thomas and Christy were married February 20, 2015, and one child was born to the marriage.  Thomas and Christy filed competing complaints for divorce, and the chancery court consolidated the complaints.  The parties later withdrew all fault grounds and agreed

to a divorce on the ground of irreconcilable differences, leaving the issue of custody, among other issues, to be determined by the chancery court. At the conclusion of the trial, the court conducted an on-the-record *Albright*[1] analysis to determine custody and visitation. The court awarded physical custody to Christy and joint legal custody to Christy and Thomas.

¶4. After the court's ruling, Thomas filed a motion for reconsideration pursuant to Mississippi Rules of Civil Procedure 59 and 60, arguing that Christy perjured herself during her testimony and, given the *Albright* analysis, he should have been awarded custody of the child or more extensive visitation. He contended that the failure of the trial court to award custody to him was based solely upon the court's excessive reliance upon the tender-years doctrine and was therefore an abuse of discretion. Thomas's motion was denied, and this appeal followed.

## DISCUSSION

¶5. "In reviewing a child custody decision, we will affirm unless the chancellor was manifestly wrong, [the decision] was clearly erroneous, or [the chancellor] applied an erroneous legal standard. Error arises if the chancellor's decision is not supported by substantial evidence in the record." *Limbaugh v. Limbaugh*, 749 So. 2d 1244, 1246 (¶9) (Miss. Ct. App. 1999).

¶6. Before discussing the issues raised by Thomas, Christy has raised an issue that

---

[1] The *Albright* factors are specific circumstances that must be considered by chancellors in reaching decisions regarding child custody. *See Albright v. Albright,* 437 So. 2d 1003 (Miss. 1983).

requires addressing. She argues that Thomas's notice of appeal states that he is appealing from the April 26, 2016 ruling on his motion for a new trial. The notice does not state that he is appealing from the judgment of divorce and custody that was entered by the court on January 5, 2016. Therefore, she argues the notice of appeal is limited to the April 26, 2016 order, and the custody issue is not properly before the court.

¶7. We disagree. Thomas timely filed his motion for reconsideration of the January 5, 2016 judgment of divorce; therefore, the January 5, 2016 judgment did not become final and appealable until the court disposed of the motion on April 26, 2016. Thomas's notice of appeal reflects that he is appealing the denial of relief sought in all of his pleadings and all relief granted to Christy. Consequently, the issues that Thomas asserts on appeal are properly before this Court, as those issues were placed before the chancery court during the course of the trial and in Thomas's timely filed motion for a new trial.

   *I.    Custody and Visitation*

¶8. Thomas argues that the trial court incorrectly applied the tender-years doctrine and the fact that he is a male, when it decided the issues of custody and visitation, and, in so doing, incorrectly considered and applied the *Albright* factors. He notes that the chancellor stated that "both parents can certainly care for, feed, bathe, change diapers, rock, hold, put to sleep, [and] get up at night with their child when she is with them." He contends that there was no testimony ever presented by any witness, including Christy, that he was incapable of caring for his child. In spite of all of this testimony regarding his ability to care for the child, the

court denied him custody and limited his visitation until the child reaches the age of twenty-four months.

¶9.     Next, Thomas argues that in the absence of the tender-years doctrine, he would have been awarded either physical custody or "standard" visitation with his daughter. He further argues that such a limitation of visitation based upon his gender and the tender-years doctrine is an abuse of discretion, and in the absence of any evidence of a need for restrictions on the visitation to protect the child from harm, the chancellor committed reversible error.

¶10.    Christy responds that the court did not abuse its discretion by awarding her physical custody, nor did the court improperly rely on the tender-years doctrine, despite Thomas's representations to the contrary. The child was only eight months old at the time of the custody determination, clearly a child of "tender years." She notes that, even though the tender-years doctrine has been weakened, "there is still a presumption that a mother is generally better suited to raise a young child." *See Passmore v. Passmore*, 820 So. 2d 747, 750 (¶9) (Miss. Ct. App. 2002). Therefore, according to Christy, the court's reliance on the tender-years doctrine was not improper. In addition, she notes that out of all the *Albright* factors addressed by the chancellor, two were in her favor and the rest were neutral. Although not a delineated factor, the chancellor also stated that "personal values" were in Christy's favor because of Thomas's alcohol consumption.

¶11.    In response to Thomas's arguments regarding visitation, Christy states that the court did not restrict his visitation. She states that the court awarded him *all* reasonable visitation

4

as the parties could agree upon but, at a minimum, the schedule contained in the judgment of divorce.

¶12. In reviewing the chancellor's thorough on-the-record analysis of the *Albright* factors, we are satisfied that he considered all applicable facts and law before he reached his decision. Despite Thomas's arguments that the court relied too heavily on the tender-years doctrine in determining custody, the chancellor stated the following: "[T]he [court] is aware of . . . a presumption under the law that used to be what is called the [t]ender[-][y]ears [d]octrine that still applies[,] but not with the weight that it did previously." *See Law v. Page,* 618 So. 2d 96, 101 (Miss. 1993). The chancellor also indicated his thorough understanding that the tender-years doctrine "is only one factor out of the numerous *Albright* factors" and is not a "presumption that the best interests of the child in general should favor the mother . . . ." The court further acknowledged that "a child is no longer of tender years when that child can be equally cared for by persons other than the mother." (Quoting *Mercier v. Mercier*, 717 So. 2d 304, 307 (¶15) (Miss. 1998)).

¶13. Lastly, the court declared that "the *Albright* analysis is not a formula[,] and it does not involve who wins how many factors to get custody. It is a balancing test and an analysis that the law requires for the [c]ourt to consider custody . . . ." *See O'Briant v. O'Briant*, 99 So. 3d 802, 805 (¶15) (Miss. Ct. App. 2012). "[T]he chancellor has the ultimate discretion to weigh the evidence the way he sees fit. The credibility of the witnesses and the weight of their testimony, as well as the interpretation of evidence where it is capable of more than one

reasonable interpretation, are primarily for the chancellor . . . ." *Johnson v. Gray*, 859 So. 2d 1006, 1013-14 (¶36) (Miss. 2003).

¶14.     As to Thomas's argument regarding visitation, we note that the visitation schedule awarded by the chancellor was the same as contained in the temporary order, and Thomas did not complain then. The visitation awarded is within the guidelines normally employed by chancellors in determining the amount of visitation to award. "On visitation issues . . . the chancery court enjoys a large amount of discretion in making its determination of what is in the best interests of the child. [The Mississippi Supreme] Court has held that the best interest of the child is the main concern in determining visitation." *Rogers v. Morin*, 791 So. 2d 815, 820 (¶9) (Miss. 2001). We find no evidence that the chancellor abused his discretion in awarding visitation. This issue is without merit.

    *II.     Perjury*

¶15.     The judgment of divorce was entered on January 5, 2016, and Thomas filed his motion for a new trial on January 11, 2016. In seeking a new trial, he alleged that the trial court had, in its *Albright* analysis involving the physical and mental health and age of the parents, found that both he and Christy were in good health. However, he alleges that Christy has a history of inpatient treatment for mental-health issues, including depression and suicidal ideation, having been treated as an inpatient for such at Pine Grove Recovery Center. He alleges that she intentionally failed to disclose these facts and committed outright perjury at trial in order to affect the outcome of the case. Thomas asserts that the reason the issue of her mental

6

fitness was not brought before the court was because his trial counsel was involved in a hit-and-run accident and was distracted when he returned to the court. In response, Christy points out that Thomas's counsel rested before the break for lunch, and after lunch, the judge announced his ruling from the bench, so Thomas's counsel's incident during the break had no effect on the proceedings.

¶16. In rejecting Thomas's post-trial motion for a new trial based on the allegation that Christy had committed fraud during the trial, the chancellor stated:

> At oral argument [Christy]'s counsel represented that all parties and [Thomas]'s trial counsel were aware that [Christy] had a prior stay at Pine Grove in Hattiesburg as a result of a break up with a prior fiance before her marriage to [Thomas]. Those records were provided in discovery and appear to concern the years 2010 through 2012. Copies of those records were provided by [Christy]'s counsel to the Court and [Thomas]'s current counsel at the motion hearing. Those records are being filed under seal in the court file. The records are not in evidence from trial.
>
> The use, non-use, or relevance of such information by [Thomas] at trial is deemed by the Court to involve trial strategy. The information was apparently known to [Thomas] and his counsel at trial. It was not introduced nor offered into evidence. Thus, there is no new or unknown evidence intentionally withheld by [Christy] that supports [Thomas]'s motion for a new trial on the grounds of perjury or fraud upon the Court.

¶17. As noted, the chancellor found that there was "no new or unknown evidence intentionally withheld by Christy that supports Thomas's motion for a new trial on the grounds of perjury or fraud upon the Court." If Thomas believed that Christy gave false testimony when his trial counsel questioned her about her mental fitness to care for the parties' minor child, it was incumbent upon him to confront her with her medical records at

7

that time if he thought they contradicted her testimony. Thomas does not claim, and there is no evidence, that he was somehow prohibited from bringing Christy's past mental history to the court's attention during the trial.

¶18. The standard for obtaining relief based upon an allegation of fraud upon the court has been succinctly addressed by the Mississippi Supreme Court:

> Relief based on fraud upon the court is reserved for only the most egregious misconduct, and requires a showing of an unconscionable plan or scheme which is designed to improperly influence the court in its decision. Mere nondisclosure of pertinent facts to the court does not add up to fraud upon the court for purposes of vacating a judgment under Rule 60(b). Furthermore, the fraud must be proved by clear and convincing evidence.

*Doe v. Smith*, 200 So. 3d 1028, 1033 (¶15) (Miss. 2016) (internal citations and quotation marks omitted).

¶19. As noted, the chancellor found that "there [was] no new or unknown evidence intentionally withheld by [Christy] that support[ed] [Thomas's] motion for a new trial on the grounds of perjury or fraud upon the [c]ourt." We agree. This issue is without merit, and we find no error in the April 26, 2016 order denying the relief requested by Thomas.

¶20. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, CONCUR.**