# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CA-00210-COA

IN THE MATTER OF THE GUARDIANSHIP OF          APPELLANT
D.R. AND D.B., MINORS: DONNIE R.
BRADFORD, SR.

v.

CLASSIE DON-NAJEE BRADFORD              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 12/27/2018 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | CHARLES BARON IRVIN |
| ATTORNEYS FOR APPELLEE: | M. JUDITH BARNETT |
| | ROSS R. BARNETT JR. |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 03/17/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1. This case involves a custody dispute between a father and his daughter over two minor children. The chancery court awarded custody of the children to the daughter, finding that she had rebutted the natural-parent presumption. Because the chancery court's ruling was premature, we reverse and remand for proceedings consistent with this opinion.

## BACKGROUND

¶2. Donnie and Etonne Bradford were married and had three children: Classie Bradford,

D.R., and D.B.[1] Etonne died in late 2017, after which Classie sought a guardianship over her younger siblings. Donnie counterclaimed for custody. Classie was awarded temporary custody of the children.

¶3. The chancery court conducted a hearing that dealt primarily with whether to dissolve a temporary restraining order previously issued against Donnie.[2] Subsequently, a trial was held over three different days and stretched out over several months. Donnie had presented testimony through direct testimony and cross-examination.

¶4. However, before Donnie's attorney had a chance to redirect his testimony or call witnesses on Donnie's behalf, the proceedings ended. Trial was scheduled to resume three days later. For reasons unclear in the record, the trial did not resume.

¶5. A week later, the chancery court issued an opinion and judgment, awarding Classie custody of both children and ordering Donnie to pay child support.

¶6. Donnie appeals, arguing that Classie did not successfully rebut the natural-parent presumption and that the court's *Albright*[3] analysis was incomplete.

**DISCUSSION**

¶7. In a child-custody determination between a natural parent and a third party, the law

---

[1] At the time of the custody hearing, Classie was twenty-one years old, D.R. was eighteen years old, and D.B. was four years old.

[2] The chancery court appointed a guardian ad litem. The GAL testified at the first hearing that he had conducted a preliminary investigation and issued a preliminary report. This report is not in the record, and there is no indication the GAL conducted any further investigation.

[3] *Albright v. Albright*, 437 So. 2d 1003, 1005 (Miss. 1983).

presumes that it is in the best interest of the child for the natural parent to have custody. *Smith v. Smith*, 97 So. 3d 43, 46 (¶8) (Miss. 2012). To rebut this presumption, Classie was required to produce clear and convincing evidence that Donnie abandoned the children, deserted the children, exhibited immoral conduct detrimental to the children, or evidenced his unfitness to have custody. *See Davis v. Vaughn*, 126 So. 3d 33, 37 (¶10) (Miss. 2013).

¶8. The chancery court's findings were issued without the benefit of hearing from any of Donnie's witnesses or allowing his redirect testimony. At this stage, the proof was not fully developed on the issues, and the chancery court was premature in reaching final judgment.

¶9. Given the very high standard of rebutting the natural-parent presumption, we reverse and remand to allow Donnie to present proof via witnesses, any redirect, rebuttal, or other evidence as the chancery court sees fit.[4]

¶10. **REVERSED AND REMANDED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR.**

---

[4] We recognize that trial courts have wide latitude to control the operation of trials, including hearing testimony from witnesses. *See* M.R.E. 611.