FAIR, J., for the Court:
¶ 1. Matthew and Beverly Easley were granted an irreconcilable differences divorce in the Calhoun County Chancery Court. After a trial, the chancellor determined that joint physical custody was in the children’s best interest, but he erroneously concluded that the statute did not allow it to be awarded unless both parties expressly presented joint custody for consideration. The chancellor ultimately awarded custody to Matthew, with generous visitation for Beverly.
¶ 2. We conclude that after finding joint custody to be in the children’s best interest, the chancellor’s award of custody to one parent was an error of law. Consequently, we reverse and remand for the chancery court to apply the proper legal standard.
DISCUSSION
¶3. Matthew and Beverly were married in November 1996. The marriage produced two sons, Jacob and Jonathan, who were eleven and eight years of age respectively at the time of trial. In the divorce proceedings, the Easleys submitted the issues of custody and child support to the court.
¶ 4. The chancellor concluded that joint custody would be best for the children, but the statute did not allow it unless both parties had requested it in their consent. Mississippi Code Annotated section 93-5-24(2) (Rev.2004) states: “Joint custody may be awarded where irreconcilable differences is the ground for divorce, in the discretion of the court, upon application of both parents.”
¶ 5. The Mississippi Supreme Court addressed the question of whether the statute requires the specific request of both parents in Crider v. Crider, 904 So.2d 142 (Miss.2005). The court ultimately concluded:
It is logical and reasonable that “application of both parties” exists when both parties consent to allowing the court to determine custody. The fact that the parties request that the court determine which parent is to receive “primary cus *641 tody” does not alter this. The parties are allowing the court to determine what form of custody is in the best interest of the child. If joint custody is determined to be in the best interest of the child using court-specified factors, i.e., the Al-bright factors, the parties should not be able to prohibit this by the wording of the consent. It would be the same if the parties requested that the court determine which party will receive “all marital assets.” The chancellor has the responsibility to determine how to best distribute the assets according to court-specified factors (the Ferguson factors) and must not be bound by the wording of the consent to award all marital assets to one party.
Id. at 147 (¶ 12).
¶ 6. In this case, the chancellor undertook a full analysis of the Albright factors and found most factors neutral. See Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983). Beverly was favored on continuity of care prior to separation, while Matthew was favored by the age and sex of the children and their performance in school since he had assumed primary physical custody. Both parents were found to have good parenting skills, stable homes and employments, and strong emotional ties to the children.
¶ 7. The older boy, Jacob, suffered from attention deficit hyperactivity disorder, bipolar disorder, and opposition defiance disorder, while Jonathan had severe allergies and eczema. Testimony indicated that Matthew was better able to control Jacob, but Beverly had been more active in attending to the children’s medical needs. It was also stated that the children were better behaved and had been improving in school since their parents began exchanging the children on a weekly basis. The chancellor found joint custody to be in the children’s best interest. But when forced to choose between the parents, Matthew was granted custody because he was slightly favored by the Albright analysis.
¶ 8. In Jackson v. Jackson, 82 So.3d 644 (Miss.Ct.App.2011), we addressed an award of joint custody where both parents were found to be fit, though the father claimed a slight advantage in the Albright factors. This Court held:
[The father’s] argument appears to be based on the mistaken assumption that joint custody cannot be awarded if more of the Albright factors favor him, however slightly. We see no reason why some marginal advantage of one parent should preclude the chancellor from awarding joint custody, so long as both parents are fit and joint custody is found to be in the children’s best interestf ]. See Phillips v. Phillips, 45 So.3d 684, 694 (¶ 30) (Miss.Ct.App.2010). “The Albright factors are a guide. They are not the equivalent of a mathematical formula.” Lawrence v. Lawrence, 956 So.2d 251, 258 (¶ 23) (Miss.Ct.App.2006) (citation and quotation omitted).
Id. at 646 (¶ 6).
¶ 9. In today’s case, the evidence supports the chancellor’s findings that both parents are fit and joint custody is in the children’s best interest. There was no apparent distance impediment to joint custody, and the chancellor also noted that the parents had been cooperating effectively under the temporary order. Both parents testified that weekly alternating custody had been working well.
¶ 10. Although we defer to a chancellor’s findings of fact, his conclusions about the law are reviewed de novo. See, e.g., Irving v. Irving, 67 So.3d 776, 778 (¶ 11) (Miss.2011). The chancellor erroneously concluded that joint custody could not be awarded. We find that it was error *642 to deviate from the children’s best interest by giving sole custody to Matthew.
¶ 11. We are aware that several years have passed since this case was tried. On remand, the chancery court should consider the present circumstances as well as those existing at the time of its prior custody determination. If joint custody remains in the children’s best interest, the chancellor should not hesitate to award it.
¶ 12. THE JUDGMENT OF THE CHANCERY COURT OF CALHOUN COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL AND RUSSELL, JJ„ CONCUR. CARLTON, J„ CONCURS IN RESULT ONLY. ROBERTS, J„ NOT PARTICIPATING.