ROBERTS, J.,
for the Court:
¶ 1. The Lamar County Chancery Court granted an irreconcilable-differences divorce to Douglas Clark and Brittany Clark. The parties agreed as to the distribution of property and assets, and that they would share joint legal custody of their son, Brayden Clark; however, the issue of physical custody was left for the chancery court to decide. Brittany was awarded primary physical custody of Bray-den, and Douglas was granted visitation. Douglas filed the present appeal of the chancery court’s decision to award primary physical custody of Brayden to Brittany. Finding that the chancery court did not consider the propriety of granting joint physical custody, we, reverse the chancery *123 court’s judgment and remand this case for the chancery court to reconsider physical custody of Brayden.
FACTS AND PROCEDURAL HISTORY
¶ 2. Brittany and Douglas were married on January 14, 2006, and their son, Bray-den, was born on May 19, 2008. Brittany initially filed for divorce on August 31, 2009, citing habitual cruel and inhuman treatment or, in the alternative, irreconcilable differences, as the grounds for divorce. Thereafter, the chancery court entered a temporary order on December 15, 2009, awarding the couple joint physical and legal custody of Brayden. A subsequent order amended the custody rotation and explained the holiday-visitation schedule.
¶ 3. Then, on June 28, 2010, Brittany and Douglas filed a joint motion to cancel the trial date, and for separate maintenance and temporary features. The chancery court granted the motion on July 7, 2010, and awarded full legal and physical custody to Douglas. An agreed order to dismiss the divorce complaint was entered on September 21, 2010. Over four months later, Brittany again filed for divorce, alleging the same grounds for divorce as were raised in her initial complaint.
¶ 4. Brittany and Douglas ultimately agreed to an irreconcilable-differences divorce, but submitted the following issues for the chancery court to decide: the statutory amount of child support; the primary physical custody of Brayden; the visitation schedule of the noncustodial parent; and the right to claim Brayden for income-tax purposes.[1] The chancery court resolved these issues at the trial held on June 12, 2012.
¶ 5. At the trial, the chancellor heard testimony from Brittany; her mother, Selena McLaurin; Douglas; and his father, Tommy Clark. Brittany testified that she was currently in nursing school and living with her parents. Even though she was living at home, she had her own room, as did Brayden. She testified that she had no objection to joint legal custody. According to the July 7, 2010 order, Brittany agreed to Douglas having full physical custody and that he was a fit and suitable person to have custody of Bray-den. However, she testified that she did this in an attempt to reconcile with Douglas, as this was a requirement imposed by him as part of their reconciliation. Her primary concerns about Douglas are his inability or unwillingness to communicate with her about Brayden, his derogatory comments about her and her family, and his failure to provide sufficiently for Bray-den on a financial or emotional level. Next, McLaurin, Brittany’s mother, testified. According to McLaurin, she and her husband help provide financially for Bray-den and babysit him when needed. She explained that she has a flexible schedule and can take care of Brayden while Brittany is in nursing-school classes. McLaurin testified that Brittany is a good mother to Brayden and that Brittany tries to work with Douglas on issues concerning Bray-den. But it is difficult to communicate with Douglas about these issues. MeLau-rin also stated that the current custody schedule was stressful for Brayden due to the constant moving between households.
¶6. Clark, Douglas’s father, testified next. Clark testified that Douglas is an *124 excellent father and “takes care of [Bray-den] physically, emotionally, and spiritually.” Clark also explained that he and his wife had flexible schedules and could take care of Brayden when necessary. Douglas was the last to testify. He stated he was in school part-time to obtain his master of divinity degree, and his class schedule, combined with his lawn-care business, provided him a flexible schedule. Douglas also testified that the .visitation schedule is always at Brittany’s discretion, and it has been very frustrating for him. Douglas also expressed great concern over the way Brittany and her family spoil Brayden.
¶ 7. After hearing the testimony, the chancellor issued his ruling from the bench. He acknowledged that the best interest of the child should be considered, and he specifically addressed, each of the Albright factors.[2] The chancellor found that most of the factors were neutral, except that two factors favored Douglas. He stated that if he was “to give [Brayden] to either parent, [he] would be taken care of. [He] would be loved. [He] would be supported. [He] would be nurtured. [He] would be raised properly.” The chancellor further explained:
The [Mississippi Supreme Court] has decided [this court] must follow and do what is in the best interest of the child after [it has] gone through all the Al-bright factors, and ... these are the kinds of cases that ... it’s hard ... to give the child to one or the other because everything here would support that.... [H]ow can you choose one over the other, but [this court] has to.
The chancellor then awarded Brittany physical custody of Brayden because it was in his best interest. Douglas was awarded liberal visitation, and he was ordered to maintain health insurance for Brayden and pay $350 in child support. In regard to which parent could claim Brayden for tax purposes, the chancellor ordered Brittany and Douglas to alternate years.
¶ 8. Douglas timely filed the current appeal and raised two issues:
I. Whether the [chancery] court erred in the application of the Albright factors when [it] denied [Douglas’s] request for physical custody of [Brayden],
II. Whether, as a matter of law, the [chancery] court erred in failing to award the parties joint physical custody of [Brayden], pursuant to Easley v. Easley, 91 So.3d 639 (Miss.Ct.App.2012).
ANALYSIS
¶ 9. “[T]he standard of review in child custody cases is quite limited. A chancellor must be manifestly wrong [or] clearly erroneous, or apply an erroneous legal standard in order for [the appellate court] to reverse.” A.M.L. v. J.W.L., 98 So.3d 1001, 1012 (¶ 23) (Miss.2012) (quoting Johnson v. Gray, 859 So.2d 1006, 1012 (¶ 31) (Miss.2003)). Because we find Douglas’s second issue to be dispositive, we will only address that issue. We defer to a chancellor’s findings of fact; however, his conclusions about the law are reviewed de novo. Irving v. Irving, 67 So.3d 776, 778 (¶ 11) (Miss.2011).
¶ 10. Douglas argues that the chancery court erred when it determined that it could not award joint physical custody. As was quoted above, the chancery court made the following statement before awarding full physical custody to Brittany: “[In these] kinds of cases ... it’s hard ... to give the child to one or the other because everything here would support that.... [H]ow can you choose one over *125 the other, but [this court] has to.” (Emphasis added). The trial was held and the oral decision of the chancery court was made on June 12, 2012. However, just a few days earlier, this Court handed down the case of Easley v. Easley, 91 So.3d 639 (Miss.Ct.App.2012), which is directly on point for this particular issue.
¶ 11. In Easley, the chancery court stated that joint physical custody was in the best interest of the child, but the court was not permitted by law to grant joint physical custody when it was not requested by both parties in an irreconcilable-differences divorce. Id. at 640 (¶ 1). Therefore, the court awarded full physical custody of the minor son to the father. Id. Reversing and remanding the chancery court’s decision, this Court found that “[t]he [chancery court] erroneously concluded that joint custody could not be awarded” under Mississippi Code Annotated section 93-5-24(2) (Rev.2004), and it was error to deviate from the child’s best interest by awarding sole custody to the father.[3] Easley, 91 So.3d at 641 (¶ 10). Additionally, in Crider v. Crider, 904 So.2d 142, 148 (¶ 15) (Miss.2005), the Mississippi Supreme Court held:
[W]hen parties consent in writing to the [chancery] court’s determination of custody, they are consenting and agreeing to that determination and this meets the statutory directive of “joint application” in [section] 93-5-24(2). This is the only interpretation that conforms to the primary directive of [Mississippi Code Annotated section] 93-5-24(1) [ (Rev.2004) ] that “custody shall be awarded as follows according to the best interests of the child.”
Importantly, before awarding joint custody, a chancery court must determine whether the parents are “capable of sharing joint custody cooperatively[.]” Crider, 904 So.2d at 147 (¶ 13).
¶ 12. We are presented with a similar set of facts. Like in Easley and Crider, the divorce was granted on the ground of irreconcilable differences. Based on our reading of the transcript, it appears that the chancery court may have concluded, like the chancery court in Easley, that it was required to order custody to one parent regardless of whether joint physical custody was in the best interest of Bray-den. The chancery court made no finding that Brittany and Douglas could not cooperate if joint custody was awarded. See Crider, 904 So.2d at 148 (¶ 15) (“It is the chancellor who must determine what is in the best interest of the child, and it is the chancellor who determines the level of commitment parents have to sharing joint custody.”). We are concerned that the chancery court may have concluded that it was not authorized to consider joint physical custody; therefore, we reverse the chancery court’s judgment and remand this case to the chancery court for it to reconsider its award of custody, including the propriety of awarding joint physical custody.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR. *126 JAMES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. FAIR, J., NOT PARTICIPATING.

. An additional issue of which parent would provide Brayden’s health insurance was presented for the chancery court to decide; however, it was established that Douglas had been providing health insurance for Brayden and would continue to do so. Therefore, that issue was resolved.

. Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983).

. Mississippi Code Annotated section 93-5-24(2) states: “Joint custody may be awarded where irreconcilable differences is the ground for divorce, in the discretion of the court, upon application of both parents.”