PIERCE, Justice,
concurring in part and in result:
¶ 28. I concur in part and in result with the majority. Custody battles between natural parents and custody battles between natural parents and third parties cannot be boxed together in a neat package for judicial resolution. They are horses of different colors.
¶29. At no time prior to the matter before us today had the natural-parent presumption enjoyed by Irle in relation to Britney been litigated. True, an agreed order had been entered leaving Britney with her mother, but the agreed order did not contain a finding regarding the natural-parent presumption. Thus, Irle still enjoyed the natural-parent presumption. In the case before us today, then, when the Fosters filed their current petition they first had to overcome the natural-parent presumption. After a review of the record and based on our standard of review, I agree with the majority that the chancellor’s finding that the natural parent presumption had been overcome should be affirmed.
¶ 30. The next step for the chancellor was to determine whether it was in the best interest of the child to change custody to the Fosters (the third party). In my opinion, after piercing the natural-parent presumption, the chancellor should review the “totality of the circumstances” and make an appropriate finding. The Court of Appeals determined that an Albright[18] analysis must be employed. In my opinion, Albright is best applied between natural parents. The “totality of the circumstances” test certainly can rely on Albright but is not restricted thereto. In this case, using the “totality of the circumstances” test, and based on our standard of review, I agree with the majority that the judgment of the chancellor should be affirmed.
¶ 31. The majority’s test is that for a third party to obtain custody, three requirements must be met: “(1) that a material change in circumstances had occurred since they last appeared before the chancellor, (2) that the natural-parent presumption had been rebutted, and (3) that the best interests of the child would be served by granting them custody.” Had the natural-parent presumption been previously litigated or addressed in the agreed judgment, I would have joined the majority in full. However, that did not occur.
¶ 32. I further disagree with the majority that there is a “misconception among some members of the chancery bench and bar who are of the view that agreed custody orders somehow lesson a chancellor’s duty to adjudicate the best interest of the child.” In my experience, the majority’s assertion is erroneous. Nevertheless, the safety and well-being of children in situations similar to Britney’s are too important for a “bright-line” test to be used simply because an agreed order was submitted in some prior proceeding. The burden to overcome the natural-parent presumption is high. But, once it is overcome, our chancellors should be free to review the “totality of the circumstances” to determine if the best interest of the child is served to change custody in favor of a third party.
*1240 CHANDLER, J., JOINS THIS OPINION. RANDOLPH, P.J., JOINS THIS OPINION IN PART.

. Albright v. Albright, 437 So.2d 1003 (Miss. 1983).